LUZ DIAZ GOVIN, Respondent, v. LUCIANA GOVIN DE MIRANDA and Others, Appellants, Impleaded with Others.

*Bill of particulars as to a contract of marriage — denied before and granted after answer.*

The fact that a motion, made by a defendant in an action, for a bill of particulars has been denied before the service of his answer, affords no ground for a denial of a similar motion made by him after the service of his answer.

If a party sues upon an ordinary contract, the defendant in the action is entitled to know when and where it was made, and the defendant is equally entitled to the same information if the action is founded on a contract of marriage.

In an action brought for the admeasurement of dower, where the issue raised was as to the marriage of the plaintiff, the defendant is entitled to know, in order to prepare for the trial, whether the alleged marriage was a ceremonial marriage, and, if so, when and where performed and by whom, and if a non-ceremonial marriage, when and where it was contracted.

*Semble,* that he is not entitled to be furnished with the names of the witnesses present at the marriage.

APPEAL by the defendants, Luciana Govin de Miranda and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of May, 1894, denying the said defendants' motion for a bill of particulars specifying the day and date of the alleged marriage of the plaintiff, when and where it took place, the name and designation of the clergyman or magistrate who performed or celebrated the same, the name and designation of the witnesses and other persons present, and if such marriage was evidenced by any agreement in writing that the plaintiff be required to produce

and serve a copy thereof, and if this cannot be done to state what its terms were, if any, respecting a marriage settlement or respecting any agreement for the release of dower.

*Cephas Brainerd,* for the appellants.

*A. Kling,* for the respondent.

VAN BRUNT, P. J. :

This action is brought for the admeasurement of dower. The issue raised is as to the marriage of the plaintiff. A motion was made for a bill of particulars as to the date of the marriage, where it took place, the name or designation of the clergyman or magistrate who performed or celebrated such marriage, the names of the witnesses and other persons present, and if such marriage was evidenced by any agreement in writing that the plaintiff be required to produce and serve a copy thereof, or if there were any agreement or settlement upon the plaintiff, or release of dower, to state its terms. This motion was denied, and from the order thereupon entered this appeal is taken.

Prior to the service of the answer a somewhat similar motion was made and denied, and it is claimed that this motion should be denied at the present time for the same reasons then advanced, and also upon the ground of *laches.*

There does not seem to be any claim of *laches* in the service of the notice of motion, but in the hearing of the motion. It may be said that the motion could not have dragged its weary length along without the active co-operation of both parties, and if there has been *laches* upon one side in bringing the motion to argument, there has been equal *laches* upon the other side in not having the same disposed of.

The fact that a motion had been denied before answer affords no ground for the denial of a similar motion after answer. In respect to the marriage the defendants could answer without any bill of particulars. A simple denial of the marriage makes a complete issue which will protect the defendants. It may, however, be necessary for the defendants, in order to properly prepare for the trial, to be informed as to when and where and what kind of a marriage is claimed. If a party sues upon an ordinary contract, the defendant is entitled to know when and where it was made, and if a party sues

upon a contract of marriage the defendant is equally entitled to the same information. The defendants in this action are entitled to know whether it was a ceremonial marriage, and, if so, when and where performed, and by whom; and if a non-ceremonial marriage, when and where it was contracted. They probably are not entitled to be furnished with the names of the witnesses by whom the plaintiff proposes to establish her cause of action; but the other matters above mentioned clearly come within the ordinary scope of bills of particulars.

The observations contained in the opinion handed down at the March term of this court on the determination of a similar motion in the case of *Bullock* v. *Bullock* (85 Hun, 373) may, perhaps, be applicable to the case at bar. We think that the motion should have been granted as far as indicated in this opinion. The service of a bill of particulars as above required should not in any way curtail the plaintiff's right to introduce circumstantial evidence or evidence of admissions to establish such marriage.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted as above stated.

FOLLETT and O'BRIEN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted as stated in opinion.