(33 App. Div. 634.)

### BALDWIN v. NESMYTH et al.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

PLEADING—BILL OF PARTICULARS.

> Where a complaint is for the most part a statement of conclusions, plaintiff may be required to furnish a bill of particulars, so as to enable defendant to intelligently answer.

Appeal from special term.

Action by Joseph T. Baldwin against Henry E. Nesmyth and others. From an order granting a motion to compel plaintiff to furnish a bill of particulars, plaintiff appeals. Affirmed.

The following is the opinion of the court below (KELLOGG, J.):

It seems to me that the allegations of this complaint are so general that it might be regarded for the most part as a statement of conclusions, rather than a concise statement of facts. No answer can be made to such a complaint, except a general denial. If the facts constituting the cause of action were stated, some other answer might be necessary to enable the defendants to make proof in support of their proper defense. This is the peril the careful pleader seeks to avoid, and, to avoid it, he must know the specific wrong-doing he is charged with. To accuse one of having been guilty of wrong-doing in a general way will not do. The specific act or acts should be stated. The plaintiff knows what specific act or acts of defendant constitute his cause of action. The defendant cannot know what the plaintiff has in mind until the complaint informs him, or, if the complaint fails, the recourse to a bill of particulars is necessary. To say a defendant must answer blindly, and take the chance of missing a defense he might have alleged if he had been duly informed by the complaint, is unreasonable. I think the defendants are entitled to the bill of particulars called for in their written demand; and such a bill is directed to be served within 10 days. The motion is granted, with costs.

Argued before BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

W. B. Crisp, for appellant.
F. W. Hinrichs, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of KELLOGG, J., in the court below.

---

(26 Misc. Rep. 233.)

### PEOPLE ex rel. HOWARD v. BOARD OF SUP'RS OF ERIE COUNTY.

(Supreme Court, Special Term, Erie County. February, 1898.)

1. COURTS—STARE DECISIS.

> A decision by the supreme court, after a full consideration, as to whether a vacancy existed in the office of county supervisor, where immediately acted on by all the parties interested, in the ensuing election, will not be re-examined by such court in a mandamus case brought after the election.

2. DE FACTO OFFICERS.

> An officer acting without color of right, inasmuch as his term has expired, and his successor has been elected, but not allowed to act, is not a de facto officer.