(108 App. Div. 308.)

### DUNN v. DUNN.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. PLEADING—BILL OF PARTICULARS—WHEN DEMANDABLE.

    In an action for money loaned, where the complaint alleges a loan of the money generally, plaintiff should be required to furnish a bill of particulars specifying the date and amount of the loan relied on, notwithstanding defendant's knowledge of the transaction in question.

    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 972.]

2. SAME—EVIDENCE OF CLAIM.

    In an action for money loaned, plaintiff should not be required to specify in a bill of particulars the manner in which the loan was made, whether by check, cash, or otherwise, with the date and number of the

check, if any, and the bank or other institution upon which the same was drawn, as such requirement would necessitate the production of his evidence.

Appeal from Special Term, New York County.

Action by Mary T. Dunn, as executrix of James A. Dunn, deceased, against George M. Dunn. From an order requiring plaintiff to furnish a bill of particulars, she appeals. Modified and affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

James Kearney, for appellant.
Charles Blandy, for respondent.

INGRAHAM, J. The complaint alleges that the plaintiff's testator loaned and advanced various sums of money to the defendant, aggregating $3,000, which the defendant agreed to pay on demand, and that no part of said sum has been paid. The answer denies the allegations of the complaint, except the death of the plaintiff's testator, and alleges that all claims of the plaintiff's testator have been paid, and that there had been an accounting and payment of the amount found due. The defendant, upon an affidavit alleging that he and plaintiff's testator were brothers, and that the defendant had had numerous transactions with plaintiff's testator, but was ignorant as to what particular transaction the plaintiff will seek upon the trial to prove, moved that the plaintiff be required to serve a bill of particulars as to the loan alleged in the complaint. This motion was granted.

I think the court was justified in requiring the plaintiff to serve a bill of particulars of her demand. The defendant is entitled to have the plaintiff specify the date of the loan and the amount. Assuming that the defendant has knowledge of the transactions between himself and the plaintiff's testator, that fact would not be an answer to the defendant's demand for a bill of particulars; for, when there is a general allegation in the complaint of money loaned, a bill of particulars should be required to specify the particularities of the claim, so that the plaintiff will be limited upon the trial, and to prevent surprise. It is apparent that, from such a general allegation as is contained in this complaint, the defendant would not be informed of the specific character of the plaintiff's demand, so as to be prepared to meet it at the trial.

The second clause in the order appealed from requires the plaintiff to specify the manner in which the money alleged to have been loaned was "made," whether by check, cash, or otherwise, with date and number of check, and the bank or other institution upon which the same was drawn. This required the plaintiff to give the evidence upon which she would support her cause of action, not the particulars of her claim; and it is not proper to require a party to disclose his evidence by a bill of particulars.

The order should, therefore, be modified by striking out the second clause of the order, and, as modified, affirmed, without costs of this appeal. All concur.