764   TROY & ALBANY S. CO., INC., *v.* TERRY & TENCH CO., INC.

Third Department, July, 1920.                [Vol. 192.

THE TROY AND ALBANY STEAMBOAT COMPANY, INC., Respond-
ent, *v.* THE TERRY & TENCH COMPANY, INC., Appellant,
Impleaded with THE TROY AND WEST TROY BRIDGE COM-
PANY and Others, Defendants.

Third Department, July 8, 1920.

**Pleadings — bill of particulars — when not granted — rule 23 of
General Rules of Practice — formal affidavit of merits not sufficient
— sufficiency of affidavit on motion for bill of particulars.**

In an action to recover damages caused by the plaintiff's boat colliding with
an obstruction in a river alleged to have been placed there by the defend-
ants, wherein one of the defendants in its answer makes a general denial
of the material allegations of the complaint, a bill of particulars should
not be granted at the instance of said defendant, where it is clear that
the defendant, by means of cross-examination of the plaintiff's witnesses
and the introduction of testimony upon its own behalf, will be able to bring
to the attention of the court and jury all of the facts bearing upon the
issue without the aid of a bill of particulars.

In the absence of controlling reasons, the court ought not to limit the plain-
tiff's scope of proof by confining it to a detailed bill of particulars.

The requirements of rule 23 of the General Rules of Practice are not satis-
fied by the affidavit of an attorney in the case that in his opinion a bill
of particulars is necessary, which gives no facts on which such an opinion
may be properly based; an affidavit of the party is demanded by the rule.

Under rule 23 of the General Rules of Practice the moving papers on an
application for a bill of particulars must show to the court the facts and
circumstances from which merit in the application for relief may be
inferred; a formal affidavit of merits is no longer sufficient.

The affidavit on which the motion for a bill of particulars was made was
wholly inadequate in that it merely stated the general purpose of the action,
the amount of damage claimed, the substance of the answer, and that the
" defendant and all of its officers, including deponent, are entirely ignorant
of the facts bearing on the amount of damage alleged to have been sustained
by the plaintiff, and of each and every matter regarding which a bill of
particulars is asked in the annexed notice of motion, nor has the said defend-
ant any means of ascertaining said facts except from the plaintiff."

The plaintiff having alleged that the obstruction was improperly placed in
the river at a designated point, and that it resulted in the destruction of
its boat, the said defendant was not entitled to a bill of particulars stating
when the steamboat was built; of what material it was built; what was
its length over all and its width over all; what was its capacity or tonnage,
both gross and net, and many like questions.

APPEAL by the defendant, The Terry & Tench Company,
Inc., from an order of the Supreme Court, made at the Albany

Special Term and entered in the office of the clerk of the county of Rensselaer on the 2d day of March, 1920, denying said defendant's motion for a bill of particulars.

*Marsh & Wever* [*Charles Capron Marsh* and *Herbert F. Roy* of counsel], for the appellant.

*John T. Norton,* for the respondent.

WOODWARD, J.:

The plaintiff brings this action to recover for the alleged wrecking of its steamboat by reason of certain obstructions said to have been placed in the Hudson river by the defendants. The complaint alleges that prior to the 1st day of August, 1919, the defendants named in the complaint " negligently, carelessly and wrongfully constructed, erected and maintained in the bed of the Hudson river, a navigable tide-water river in the State of New York, at a point in the said bed of the said river about three hundred feet from the bridge structure crossing said river from the City of Troy to the City of Watervliet owned by the said defendant, The Troy and West Troy Bridge Company, certain structures of concrete, iron or steel and wood, with moorings of iron or steel chains and other connections and contrivances, and wrongfully, carelessly and negligently continued the maintenance thereof in the said bed of said river until after the injuries to this plaintiff's property hereinafter alleged, and said structures, connections and contrivances were so constructed, erected and maintained and were allowed and continued to be under water and in the traveled part of said river and were concealed from view of persons and craft lawfully navigating said river, and were there left without marking, notice or warning of any kind." It is then alleged that while the plaintiff's steamboat was lawfully plying the waters of said river it came in contact with the said obstructions, receiving injuries which compelled the beaching of the steamboat to prevent her sinking, resulting in damages to the amount of $40,000.

The defendant The Terry & Tench Company, Inc., which appears to be a construction company, answers, making practically a general denial of the material allegations of the

766 Troy & Albany S. Co., Inc., *v.* Terry & Tench Co., Inc.

Third Department, July, 1920. [Vol. 192.

complaint, and has asked this court at Special Term for an order compelling the plaintiff to give a bill of particulars covering some forty-seven specifications. This order has been in all respects denied, and appeal comes to this court.

The plaintiff brings its action against The Troy and West Troy Bridge Company, The Fort Pitt Bridge Works of Pittsburgh, Penn., The Terry & Tench Company, Inc., and John H. Gray, and alleges generally that the defendants have carelessly and negligently obstructed the navigation of the Hudson river, producing special injury to its property. The transaction is obviously one in which various parties have taken part, and just where the liability may rest, if the plaintiff succeeds at all, is a question which must depend upon the developments of the trial. The Terry & Tench Company has found no difficulty in answering it; it denies that it has taken part in any work which has resulted in damages to the plaintiff, and the latter is bound to prove all of the allegations of its complaint in order to involve the appellant in damages to any extent. If the plaintiff does not succeed in establishing the fact of the appellant's connection with the obstruction then the Terry & Tench Company obviously has no interest in the size, age, condition, tonnage, etc., of the steamboat alleged to have been injured, and the same is true of many of the other matters upon which it asks the court to command a bill of particulars. All of the other defendants have an equal interest in knowing the facts, and there is nothing to indicate that they may not be in a position to bring out upon the trial all that is vital in this action. The plaintiff, under the pleadings as they now stand, has a difficult case to establish; no material facts are admitted. It must not only prove that there was an obstruction, but that it was unlawfully placed in the river, and that the Terry & Tench Company wrongfully placed it there, or, at least, that it was negligent in placing or maintaining the obstruction, and we see no difficulty, through the defendant's opportunity to cross-examine the plaintiff's witnesses, and to introduce testimony on its own behalf, in bringing to the attention of the court and jury all of the facts bearing upon the issue without the aid of a bill of particulars. In the absence of controlling reasons, the court ought not to limit the plaintiff's scope of proof by confining

it at this stage of the litigation to a detailed bill of particulars such as the appealing defendant has demanded.

The affidavit of Charles Capron Marsh, one of the attorneys for the appellant, that in his opinion a bill of particulars is necessary, gives no facts on which such an opinion may be properly based, and the requirements of rule 23 of the General Rules of Practice are not satisfied with the mere opinion of an attorney in the case; the affidavit of the party is demanded by the rule. (Nichols N. Y. Practice, § 905; *Rhodes* v. *Lewin*, 33 App. Div. 369, 370, 371; *Parkes* v. *Mayor, etc.*, 43 id. 617; *Tompkins* v. *Continental Nat. Bank*, 71 id. 330; *Quarantiello* v. *Grand Trunk R. Co.*, 145 id. 138, 140; *Rothschild* v. *Haviland*, 172 id. 562, 563.)

The affidavit of Frederick Tench, who says he is the president of the Terry & Tench Company, is alone necessary to be considered. Rule 23 of the General Rules of Practice provides that " All motions for relief to which a party is not entitled as matter of right shall be made upon papers showing merits, and the good faith of the prosecution or defense, which may be shown by any proof that shall satisfy the court," and it has been held that the moving papers must show to the court the facts and circumstances from which merit in the application for relief may be inferred; a formal affidavit of merits is no longer sufficient. (*Heischober* v. *Polishook*, 152 App. Div. 193, 195; *Clews* v. *Peper*, 112 id. 430; *Rothschild* v. *Haviland*, 172 id. 562.) Tried by this standard the affidavit in question is wholly inadequate. It merely states the general purpose of the action, the amount of damage claimed, the substance of the Terry & Tench Company's answer, and that the " defendant and all of its officers, including deponent, are entirely ignorant of the facts bearing on the amount of damage alleged to have been sustained by the plaintiff, and of each and every matter regarding which a bill of particulars is asked in the annexed notice of motion, nor has the said defendant any means of ascertaining said facts except from the plaintiff." If the plaintiff is the single source of information, and it has the burden of establishing its cause of action, we are unable to discover any reason for the bill of particulars. " The purpose of such a bill is to amplify the pleadings and to indicate with more particularity than is ordinarily required in

a formal plea the nature of the claim made in order that surprise upon the trial may be avoided and that the issues may be more intelligently met." (*Dwyer* v. *Slattery*, 118 App. Div. 345, 346; *Havholm* v. *Whale Creek Iron Works*, 159 id. 578, 582.) Here there is an allegation that an obstruction improperly placed in the Hudson river at a designated point has resulted in the destruction of the plaintiff's steamboat. How could it aid the appellant to be told in a bill of particulars the time when the steamboat was built; of what material it was built; what was its length over all and its width over all; what was its capacity or tonnage, both gross and net, and many like questions? Where is the evidence of the good faith of the defendant, appellant? These are all matters which the plaintiff must show upon the trial of the action; there is no reason to anticipate any surprise upon the trial, and the issues presented by the pleadings appear to be clearly set forth. The further allegations of the affidavit, covering substantially the old-time and discarded affidavit of merits, has no value, and we are clearly of the opinion that the court below has properly disposed of this motion and that its order should be affirmed.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.