GLOBE ELEVATOR COMPANY, Plaintiff, *v.* AMERICAN MOLASSES COMPANY OF NEW YORK, Defendant.

Fourth Department, November 14, 1923.

Sales — action for failure to deliver — plaintiff extended time and final extension was made to ship within one week — action commenced immediately thereafter not premature — complaint — not necessary to allege agreements as to extensions — plaintiff not estopped by bill of particulars containing statements as to demands made by third persons to whom plaintiff had sold goods — error to grant nonsuit — question whether last extension agreement was made should have been left to jury.

In an action to recover damages for the failure to deliver forty cars of molasses, it appeared that the contract provided for shipments to be made in tank cars under plaintiff's instruction on or before May 1, 1920; that although demands for shipments were made the defendant failed to ship prior to May first, and plaintiff extended the time to July first, but defendant failed to ship within that time; that plaintiff continued to request shipments and on July twenty-ninth demanded that the shipments be made on or before August fifteenth, but that no shipments were made up to that time; that on August seventeenth plaintiff wrote to the defendant stating that it would be satisfactory if the defendant would ship thirty cars to a company designated by the plaintiff.

the delivery to be made promptly; that on August twenty-fourth the defendant and the plaintiff entered into an agreement whereby the defendant agreed to ship all of the molasses within a week from that date; that the shipments were not made as agreed and immediately after the expiration of the week this action was commenced.

*Held,* that the action was not prematurely commenced, since the agreement of August twenty-fourth, if made, superseded any prior agreement and bound the defendant to make delivery within one week, which it failed to do, and, therefore, the plaintiff had the right to commence this action immediately thereafter;

That it was not necessary for the plaintiff to allege the agreement of August twenty-fourth and the breach thereof but all that the plaintiff was required to allege was the original contract and its breach.

The plaintiff is not estopped by the bill of particulars which contained statements that demands for delivery were made by the corporation to which it directed delivery to be made on August seventeenth, up to the time that this action was commenced, since it appears that when the agreement of August twenty-fourth was made the defendant refused to make deliveries to said third persons or accept orders from them, and, therefore, any demands made by them are not binding on the plaintiff to the extent of giving defendant a reasonable time after the last demand before suit could be commenced.

It was error for the court to grant a nonsuit and it should have submitted to the jury the question whether or not the extension agreement of August twenty-fourth was made and should have instructed the jury that if that agreement was made then the plaintiff is entitled to recover damages for the failure to deliver the molasses, but if such agreement was not made then there can be no recovery of damages for the failure to ship the thirty cars of molasses, although there may be a recovery for failure to ship the ten cars if the jury find that the defendant had a reasonable time within which to ship said cars after the letter of July twenty-ninth.

There can be no recovery for failure to ship the thirty cars which were directed to be shipped to the third persons on conditions stated in plaintiff's letter of August fifteenth, since the evidence does not show that the conditions were ever complied with and since there is no evidence that said third persons ever gave defendant instructions for shipment of the thirty cars.

If the alleged agreement of August twenty-fourth was made, it superseded the arrangement for delivery of thirty cars to said third persons.

MOTION by the plaintiff, Globe Elevator Company, for a new trial upon a case containing exceptions, ordered to be heard in the Appellate Division in the first instance after a dismissal of the complaint by direction of the court at the close of the plaintiff's case upon a trial before the court and a jury at the Erie Trial Term in January, 1923.

*Gibbons & Pottle* [*Frank Gibbons* of counsel], for the plaintiff.

*Stroock & Stroock* [*Simon Fleischmann* and *Charles Levy* of counsel], for the defendant.

HUBBS, P. J.:

On August 8, 1919, the parties to this action entered into a written contract in and by which the defendant sold to the plaintiff forty

cars of black strap molasses at eight cents a gallon in bulk, F. O. B. New York, shipments to be made per plaintiff's instructions in tank cars to be furnished by the defendant without charge, terms net cash ten days from date of invoice, all to be shipped by May 1, 1920. From time to time prior to May first the plaintiff requested shipments on the contract but the defendant failed to ship and, on April twenty-ninth, the contract was extended to July first. During that period the plaintiff made frequent urgent demands on the defendant to ship the molasses, but none was shipped. On July first the defendant was in default under the extension agreement. Thereafter the plaintiff continued to request shipments and the defendant promised to ship. On July twenty-ninth the plaintiff wrote to the defendant demanding that the defendant ship the molasses called for by the contract on or before August fifteenth, but the defendant did not make any shipments. On August seventeenth the plaintiff wrote to the defendant that it would be satisfactory to it to have thirty cars of molasses delivered on the contract to the Quaker Oats Company or the Sugar Products Company, the delivery of said cars to be made promptly. The letter also said: " This is authorized upon condition that our rights as against you under said contract shall be and remain as they existed today prior to the consent herein given and referred to." The defendant failed to ship any part of the said thirty cars or of the balance of ten cars. Meanwhile, on August twenty-fourth, Mr. Ryley, the president of the plaintiff, with the plaintiff's attorney, called at the defendant's office and met Mr. Mason, the treasurer of the defendant. He stated that the defendant could not get tank cars to ship the molasses in. Mr. Ryley then offered to furnish the cars. Later the same day Mr. Mason stated that he had arranged for the cars and agreed to ship the forty cars of molasses within a week. No molasses was shipped within that time and this action was brought to recover damages caused by the defendant's breach of the contract.

Upon the trial Mr. Mason's deposition was introduced in evidence. He testified that at all times during the existence of the contract the defendant had cars which it could have used to fill the plaintiff's contract and that during all that time it had a large supply of molasses from which the contract could have been filled. It also appeared that the market price of the molasses had increased from eight cents a gallon, the contract price, to twenty-six cents a gallon.

A nonsuit was granted at the close of the plaintiff's case upon the ground that the action had been prematurely brought. The trial court said: " The way I feel about it I do not believe a case

is made out here. Demands were made right up to the time of the commencement of the action; that of itself implied that there would be a sufficient time beyond that for delivery, for a compliance with the demand, and the action would be premature if the action were commenced prior to the expiration of that reasonable time after demand." There is no pretense that the defendant ever delivered any of the molasses contracted for and the only question to be determined upon this appeal is whether or not the action was prematurely brought. It may be conceded for the purposes of this opinion that the plaintiff, by its letters and various demands for shipment made prior to July twenty-ninth, had extended the defendant's time to ship to a reasonable time after the last demand for shipment made prior to July twenty-ninth. (*Mawhinney* v. *Millbrook Woolen Mills*, 234 N. Y. 244; *Trainor Co.* v. *Amsinck & Co., Inc.*, 236 id. 392.)

However, on August twenty-fourth, the plaintiff and the defendant entered into a new and specific agreement limiting the time for shipment to one week from that date, and the defendant made a definite promise to ship the forty cars within that time. The defendant broke that agreement as it had broken its other agreements. On the expiration of the one week within which the defendant agreed to ship the molasses the plaintiff had a right to commence an action for the damages caused by such breach.

It is urged that the plaintiff cannot recover in this action because the plaintiff did not allege the agreement on the part of the defendant to ship within one week from August twenty-fourth. The complaint alleges the contract to ship on or before May first, the breach of said contract by the defendant, the extension agreement by which the defendant agreed to ship on or before July first, the breach of such agreement by the defendant, and that thereafter, on July twenty-ninth, the plaintiff demanded that the defendant ship the molasses on or before August fifteenth. The complaint then alleges " that although the time within which the said defendant promised and agreed to deliver and ship the said molasses has long since expired and although the time specified in such demand has long since expired, the said defendant has wholly failed and neglected and refused to ship or deliver any part of the said molasses." I do not think the plaintiff is foreclosed by the form of the complaint. All the plaintiff was required to allege in the complaint was the original contract, its breach, and the damages caused. If the defendant had then pleaded an extension agreement such allegation would have been deemed denied without the service of a reply. (Civ. Prac. Act, § 243.) Although the plaintiff alleged more than necessary, the fact still remains that

the complaint alleges a breach of the contract and to foreclose the plaintiff and prevent a recovery in this action would let a technicality stand in the way of an adjudication upon the merits. There is no claim that the defendant was in any way surprised. The testimony of Mr. Ryley establishing the last extension agreement of August twenty-fourth was admitted without objection.

It is also urged that the plaintiff was estopped by certain statements and admissions contained in its bill of particulars.    The bill of particulars contained the following statement: " In addition to the foregoing documentary demands, orders and instructions, oral communications between the defendant, presumably represented by W. H. Mason of New York, and Sugar Products Company, presumably represented by A. I. Kaplan, took place almost daily from a period of time commencing about August 1st, 1920, until the time of the commencement of this action, in which said Kaplan, or other representative of said Sugar Products Company, requested delivery and shipment of the molasses referred to in the complaint for and on behalf of the plaintiff, but that the defendant [plaintiff] is unable to specify the names of the individuals or the times when said conversation took place with any greater particularity, owing to the hostile position toward this plaintiff which all parties thereto have now taken."    It is urged that if demands were made up to the time of the commencement of the action a reasonable time for shipment could not have intervened after the last demand before the commencement of the action, and, therefore, that the action was prematurely commenced.    The evidence now discloses that on August twenty-fourth the right of the Sugar Products Company and of Mr. A. I. Kaplan to make a demand of shipment came to an end by the agreement entered into between Mr. Ryley, representing the plaintiff, and Mr. Mason, representing the defendant, so that there could not have been any valid demand made by Mr. Kaplan after August twenty-fourth.    On that day Mr. Mason stated to Mr. Ryley that he would not take any orders from Mr. Kaplan or any one but the plaintiff, and at that time the plaintiff and defendant, through said officers, definitely agreed upon the time of shipment.    It will be noted that the bill of particulars states " that the defendant [plaintiff] is unable to specify the names of the individuals or the times when said conversation took place with any greater particularity, owing to the hostile position toward this plaintiff which all parties thereto have now taken."    From all that appears the plaintiff made an honest effort to give the defendant all information possible about the conversations which it presumed had taken place.    It states clearly, however, that it cannot state definitely the names of the

parties or the times when the conversations took place. It is apparent that the plaintiff did not have and could not have definite information on that subject, and it so stated in the bill of particulars. Upon the trial it appeared that, if there had been any conversations with Mr. Kaplan after August twenty-fourth when the agreement to ship within one week was made, such conversations would not have bound the plaintiff. To permit such statement in the bill of particulars to defeat the plaintiff's cause of action under the circumstances existing in this case would result in making the bill of particulars a snare and lead to the defeat of what appears, in so far as the facts are disclosed in the record, to be a meritorious cause of action. The purpose of a bill of particulars is to aid and assist the parties and the court in arriving at a just result and not to constitute a trap with which to defeat a valid cause of action.

The trial court erred in granting the motion for a nonsuit. It should have submitted to the jury the question of whether or not an extension agreement was entered into on August twenty-fourth and the jury should have been instructed that if it found that such agreement was entered into then the plaintiff was entitled to recover damages for the failure to ship the forty cars of molasses within the week as agreed, but if such alleged agreement was not entered into then there could be no recovery of damages for the failure to ship thirty cars of molasses, but that there might be a recovery for the failure to ship ten cars if the jury found that the defendant had a reasonable time within which to ship said ten cars after the letter from the plaintiff dated July twenty-ninth demanding shipment of the molasses on or before August fifteenth. If the jury had found that the alleged agreement of August twenty-fourth was not made there could have been no recovery for failure to ship thirty cars on the evidence as it now is because of plaintiff's letter of August seventeenth and the defendant's letter of August twenty-third in reply in which it acceded to the request of the plaintiff to ship thirty cars to the Sugar Products Company or the Quaker Oats Company upon conditions stated in the letter and it not appearing that the conditions were ever complied with but that the matter was left open, and there being no evidence that the Sugar Products Company or the Quaker Oats Company ever gave defendant instructions for shipment of thirty cars.

According to the record as it now stands that letter was written before August twenty-fourth and not received by the plaintiff before the agreement made on that day. If the agreement was made as testified to by Mr. Ryley, it superseded the letter of August twenty-third.

The plaintiff's exceptions should be sustained, the order of nonsuit reversed upon the law, and a new trial granted, with costs to the plaintiff to abide the event.

All concur.

Plaintiff's exceptions sustained, order of nonsuit reversed upon the law, and motion for a new trial granted, with costs to plaintiff to abide the event.