In the Matter of the Estate of ABRAHAM L. ERLANGER, Deceased.

Surrogate's Court, New York County, April 23, 1930.

*Isidor J. Kresel*, for the proponents.

*Max D. Steuer*, for the claimant, contestant.

*Aaron Lipper*, for certain legatees and beneficiaries.

FOLEY, S. The motion of the proponents for a bill of particulars demanded of the contestant, who claims to be the widow of the decedent by a common-law marriage, will be disposed of as follows:

The following items will be granted: Item 1, the maiden name of the alleged contestant; item 2, her name at the time of the alleged marriage; item 5, the place where the license was issued, if any, and the name of the officer issuing the same; item 6, the name of the officer, minister or other person, if any, who performed the ceremony, and item 8, whether or not the marriage was pursuant to a contract or agreement, and if the same was in writing, a copy thereof.

The motion will also be granted as to item 3, the date of the alleged marriage, and item 4, the place where the marriage occurred. As to these two items, I regard the decision in *Govin* v. *De Miranda* (87 Hun, 227) as conclusive authority. That decision was rendered by the General Term of the First Department. The opinion was written by Presiding Justice VAN BRUNT. The action involved the marital status of the plaintiff. It was held that the defendant was entitled to a bill of particulars in order to properly prepare for trial. " If a party sues upon an ordinary contract, the defendant is entitled to know when and where it was made, and if a party sues upon a contract of marriage, the defendant is equally entitled to the same information." The decision proceeded to hold that the defendant was entitled to know whether the marriage was ceremonial, or if a non-ceremonial marriage, when and where it was contracted.

The demand for particulars as to item 7 is denied.

The order may contain an appropriate direction similar to that embodied in *Govin* v. *De Miranda* (*supra*) that the bill of particulars shall not curtail the claimant's right to introduce circumstantial evidence or evidence of admissions to establish the marriage claimed to have been entered into between herself and the decedent.

Submit order on notice accordingly.