# In the Matter of the Estate of LOUISA HERLE, Deceased.

Surrogate's Court, Kings County, October 17, 1935.

*Walter Jeffreys Carlin,* for the Lafayette National Bank of Brooklyn in New York, as petitioner for probate.

*Szerlip & Szerlip,* for Paul C. Gruver, contestant.

*Bachrach, Bachrach & Bisgyer,* for Alice B. Ashmead, contestant.

*Elmer J. Ashmead,* for Hazel R. May, contestant.

*Leo Koenig,* for Carl Flickinger, contestant, and petitioner for bill of particulars.

*Kaufman & Morganroth,* for Grace R. Hicks, contestant.

*Frederick Walz,* for Katherine Schmelzer, Ludwig Flickinger, Ferdinand Weinmann, Fredericke Garteyer and Martin Schiefer, contestants.

*Alvin S. Rosenson,* for The Jewish Hospital of Brooklyn, legatee.

*Frank Rosenblum* for Harry Shapiro, legatee.

*Root, Clark, Buckner & Ballantine,* for The Mount Sinai Hospital of the City of New York, legatee.

*Coombs & Wilson,* for the Industrial Home for the Blind, legatee.

*Barry, Wainwright, Thacher & Symmers,* for The American Society for the Prevention of Cruelty to Animals, legatee.

*Paul Windels, Corporation Counsel,* as legatee under Bequest to the Poor of Brooklyn, Hospitals of New York and Brooklyn, and for the improvement of playgrounds.

*John J. Bennett, Jr., Attorney-General,* for the State of New York or unknown heirs.

*Louis Lorence,* special guardian for unknown heirs.

*Edward Fisher* and *Thomas Craddock Hughes,* for Eugenie Schindler and August Reginault.

*Greenbaum, Wolf & Ernest,* for George Herle.

*Henry Schoenherr,* for Emilie Weinmann, Helen Gleizes, Louise W. Haase and Paul Weinmann.

*Wood, Cooke & Seitz,* for The Young Women's Christian Association.

*Burlingham, Veeder, Clark & Hupper,* for Katherine Herle.

*Carmody, Roth & Meyer,* for Margaretha Hohm.

*House, Holthusen & McClosky,* for Franz Joseph G. J. Harm.

*Tumpane & Falcone,* for George Flickinger.

*Cadwalader, Wickersham & Taft,* for the Salvation Army.

*Topken & Farley,* for William J. Topken, as ancillary administrator of Margaretha Hohm, deceased.

*Mc Kenna & Riordan* for Mathilda Schraft.

*Wingate & Cullen,* for Frank Herle.

WINGATE, S.   Louisa Herle, a wealthy recluse, died on October 30, 1934.   So far as known, she was never married and was survived by no children, parents, brothers or sisters.   An alleged will of the deceased has been propounded and the question of its admissibility to probate is now pending and undetermined.

Eighteen persons, apparently claiming stati as statutory distributees, have appeared in the proceeding, and of these, ten have interposed answers contesting the validity of the alleged will. These persons, with their respective relationships to the decedent as recited in their answers, are Paul C. Gruver, "nephew," Alice B. Ashmead, Hazel R. May and Eugenie Schindler, all of whom assert the relationship of "cousin," Emilie Weinmann, Louise W. Haase, Helen Gleizes and Paul Weinmann, each described as "first cousin," Ferdinand Weinmann, who alleges that he is "one of the distributees" and Carl Flickinger, who contents himself with the description of a "next of kin."

Since the persons entitled to contest the will are only those who would profit by its rejection (*Matter of O'Keefe,* 135 Misc. 394, 395), and as the *locus standi* of each of these individuals is predicated upon a claim to a right to take in intestate distribution in the event of the rejection of the will, it is obviously necessary to determine which, if any, are within the description of section 83 of the Decedent Estate Law in the situation here disclosed, since such alone can be permitted to combat the validity of the will.   (Surr. Ct. Act, § 147.) This question of status, therefore, lies at the very threshold of the

inquiry and must be solved before further proceedings are had. (*Matter of Quick*, 147 Misc. 28, 33.) The determination of this question has been referred to Joseph A. Kennedy as referee and is now pending before him.

An application has now been made on behalf of Carl Flickinger, on notice to all parties who have appeared, to compel not only those who have answered, but also many who have appeared but have not answered, to furnish bills of particulars of some forty-three items of information, many of them in the alternative, relating to their respective claimed kinships to the decedent. The particulars required, in addition to masses of general information, contain such particular items as the day, month and year, and city, county and state of the birth, marriage and death of grandparents, of the respective claimants, etc.

The professed purpose of the application, which, strangely enough, is opposed merely by the corporate proponent of the will, is to enable the moving party to establish his relationship as a statutory distributee of the decedent and to contest the like claims of other parties to the proceeding.

The opposition to the desired relief is based on six main grounds: *First*, that the applicant already has full information respecting " all the heirs of the estate;" *second*, that " the claims of the other parties would not  *  *  *  affect the claims of the moving party " and that it is not necessary for him to contest them; *third*, that the applicant has no status to make the application, since the purpose of the application is to determine whether he has any right to be heard in the proceeding at all; *fourth*, that the right to a bill of particulars is purely statutory and the present application is not within the contemplation of the pertinent enactment; *fifth*, that it should be denied as a matter of discretion, and *sixth*, and finally, that it would serve no useful purpose in any event, since it could not bind the special guardian for unknown distributees, wherefore, the answers would not be determinative of the issues.

The enactment authorizing bills of particulars is contained in section 247 of the Civil Practice Act, which reads: " Bill of particulars by order in any case. Upon application in any case, the court, or a judge authorized to make an order in the action, upon notice, may direct a bill of the particulars of the claim of either party to be delivered to the adverse party, and in case of default the court shall preclude him from giving evidence of the part or parts of his affirmative allegation of which particulars have not been delivered."

The annual grist of judicial explanations and applications of this provision is stupendous and well-nigh appalling, as may readily

be ascertained by reference to any digest or annotated edition of the Civil Practice Act. The preponderant mass of this vast outpouring of legal lore is, however, of doubtful general utility, consisting chiefly of adjudications upon the particular situations presented and, like will constructions, having little or no application to cases presenting divergent states of fact except in so far as general principles are enunciated.

From this welter of determinations, certain presently pertinent general principles are deducible and these will be noted as briefly as the subject permits.

The general underlying theory of this pleading is, so far as possible in justice to all concerned, to particularize the issues in litigation (*Waller* v. *Degnon Contracting Co.*, 120 App. Div. 389, 391), by making the pleadings certain, and apprising the opponent of the nature of the proof he will have to meet (*Dwyer* v. *Slattery*, 118 App. Div. 345, 346; *Havholm* v. *Whale Creek Iron Works*, 159 id. 578, 582; *Mayer* v. *Commonwealth Trust Co. of N. Y.*, 124 id. 932, 933; *Bjork* v. *Post & McCord*, 125 id. 813, 814; *Shaw* v. *Stone*, 124 id. 624, 626), thus avoiding surprise, and assuring that the issues may be more intelligently met. (*Troy & Albany S. Co., Inc.,* v. *Terry & Tench Co., Inc.,* 192 App. Div. 764, 768; *Elman* v. *Ziegfeld,* 200 id. 494, 497.) Summarized in a phrase " the purpose of a bill of particulars is to aid and assist the parties and the court in arriving at a just result " (*Globe Elevator Co.* v. *American Molasses Co.*, 207 App. Div. 9, 14), transforming the trial, so far as possible, from a mere game of wits into a determination on the merits of the rights of the several adversaries after the presentation of all relevant considerations favorable to each, as well as a full development of their respective weaknesses.

Since a trial is merely a determination of the relative merits of the issues raised by the pleadings of the opposing parties, the object sought by a bill of particulars is not the facts as they may actually exist, but as they are claimed to be by the party from whom the particularization is sought. (*Bjork* v. *Post & McCord*, 125 App. Div. 813, 814; *American Condiments Co.* v. *Audit Co. of New York*, 164 id. 927, 928.) It follows, therefore, that knowledge of the actual facts is not necessarily a bar to the relief (*Dunn* v. *Dunn*, 108 App. Div. 308, 310; *Harris* v. *Drucklieb*, 128 id. 276, 277), since what the party will be obliged to meet on the trial is the claim of his adversary, which may or may not correspond with his own conception of the situation or the situation which actually exists.

If the basic theory of the subject is fully appreciated, it will be seen that the most common ground of denial of demanded information, namely, the refusal of the concrete evidence upon which the

opponent relies (*Smith* v. *Anderson*, 126 App. Div. 24, 26; *Wilson & Baillie Mfg. Co.* v. *Dumary*, 140 id. 838, 839; *New York Terrace Estates, Inc.,* v. *Richmond Development Corp.*, 224 id. 765; *Ferro* v. *Steeplechase Amusement Co., Inc.*, 228 App. Div. 828), is not an exception to the underlying rule.

In view of the multitudinous situations in which the question of the right to additional particulars of the nature of the cause of action or defense arises, it has been the uniform decision that grant or refusal of such relief is properly reposed in the judicial discretion of the trial court. (*Kelsey* v. *Sargent*, 100 N. Y. 602, 603; *Spencer* v. *Fort Orange Paper Co.*, 74 App. Div. 74, 75; *Havholm* v. *Whale Creek Iron Works*, 159 id. 578, 582; *Richards* v. *Miller*, 167 id. 443, 444; *De Cordova* v. *Sanville*, 171 id. 422, 424; *Matter of Bird*, 240 id. 747.)

In determining the propriety of the allowance of a bill of particulars in any given instance, an examination of the situation disclosed by the pleadings and the facts alleged therein in the light of the underlying applicable principles, is, except in purely routine applications, a much safer mode of decision than to attempt to find precedents bearing some similarity to the situation under discussion and then to attempt to discern points of resemblance or difference between them and the situation at bar.

The fact that most probate proceedings assume a distinctly routine character has, perhaps, lead to a growing insensibility to their essential nature. The case is, indeed, rare in which there is any doubt or question as to the persons who are proper parties thereto. This situation renders it the more important that the true situation be borne in mind in a case in which controversy on this subject exists.

That a probate proceeding is one *in rem* is familiar to all practitioners skilled in this rather specialized branch of the law. (*Matter of Horton*, 217 N. Y. 363, 368; *Matter of Mackenzie*, 152 Misc. 759, 760; *Matter of Seppala*, 149 id. 479, 480; *Matter of Meiselman*, 138 id. 104, 107; *Matter of Larsen*, 137 id. 271, 272.)

While the ordinary superficial conception of the situation goes no further into the scope of the proceeding than as to the validity or invalidity of the propounded document itself, it seems unquestionable that the *res* upon which the court acts is the estate of the decedent and that the paper writing is but a symbol of the underlying reality. In this view, the proceeding is actually an adjudication respecting the rights of various living parties in property which formerly belonged to a person now deceased. Each such party, in essence, asserts a claim to some part of the net avails of the estate which has been brought into *custodia legis* by the institution of the

proceeding for probate. The persons claiming as statutory distributees base their contentions on the alleged fact that by virtue of the terms of some applicable subdivision of the Statute of Distribution they are entitled to receive specified portions of the property, in the absence of a contrary disposition thereof by the testator in accordance with the forms prescribed by law, which they assert has not occurred. The beneficiaries named in the instrument, on the other hand, assert the performance of the legal conditions precedent to a diversion of the property from the statutory distributees to themselves. The entire proceeding is in reality closely analogous to a trial of title.

Even though, in the usual case, the pleadings of the parties may be elliptical in content, this does not alter the basic obligation of every claimant, if required, to specifically plead every link in the chain by which he seeks to achieve an award of judgment to title to some part of the *res* which is in issue.

The rule is familiar that every pleading whether in the Surrogate's Court or in one of general jurisdiction, must contain a statement of the facts upon which the pleader relies to establish his contentions (Surr. Ct. Act, § 49; *Urtz* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170, 173; *Wood* v. *Amory*, 105 id. 278, 282; *Holland* v. *Grote*, 193 id. 262, 270; *Matter of Mullin*, 143 Misc. 256, 263; *Matter of Matyasz*, 151 id. 370, 376), and that mere allegations of conclusions, whether of law or fact, are insufficient.

Tested by these rules, it is obvious that when subjected to attack, the pleadings of each of the contesting parties to this proceeding is at fault in failing to allege the essential facts necessary to establish a right to share in the property of this decedent in the event that the will be denied probate, and is equally deficient in a demonstration of the facts entitling him to contest such probate. An allegation that a person is a " nephew " or a " cousin " is merely the statement of a conclusion of fact; that he is a " next of kin " or " one of the distributees " is no more than a conclusion of mixed law and fact. Both are vulnerable for the reasons stated.

One becomes a nephew of a person by reason of the fact that he is a son of a specified individual, who, in turn, was a brother or sister of the deceased. The mere fact of such relationship would not, however, supply the necessary showing to demonstrate that he was a distributee of the deceased in intestacy, without which his allegation or claim of title to some part of the estate could not be established. For this purpose, he must, in the face of challenge, go further and allege facts, not conclusions, which, if proved, would entitle him to participation; such as the death or non-existence of those persons who are more favored in position in the Statute of

Distribution. These are the essential facts, each capable of raising an issue, the failure to demonstrate which must result in his defeat.

At this point the authority of *Baldwin* v. *Nesmith* (33 App. Div. 634) becomes important by its holding that where a pleading states conclusions and not facts, the proper remedy of the opponent is by a bill of particulars specifying the essential facts omitted and from which the conclusions alleged are sought to be drawn.

A few words respecting the specific objections of the proponent to the granting of the relief are undoubtedly in order. The first noted objection has already been covered. The fact that the applicant may possess some ideas on the subjects on which he desires clarification is no answer to his application. He is entitled to know the situation which his several opponents claim to exist.

The objection that the claims of relationship of the other parties would not affect the applicant while apparently correct in part, certainly does not apply to the allegation of Paul Gruver and may be inapplicable to some or all of the others. The applicant is, in any event, entitled to demand a full statement of the alleged chain of title of each of his opponents.

The objection that the applicant has no status to make the application begs the entire question, since it is the precise issue in this stage of the proceeding.

The fourth objection is overruled on the exact wording of the statute which permits such an application " in any case; " and finally, the court cannot agree respecting the lack of utility of a requirement that essential facts, so far as possible, should be pleaded and deems that were it to refuse, on due application, to direct this to be done, it would be an abuse of the discretion confided to it.

The only authority cited by the proponent which might be deemed in any wise in point, is by a court of co-ordinate jurisdiction, with which this court cannot concur. A pronouncement more in point may be found in *Matter of Erlanger* (FOLEY, S., 136 Misc. 792, 793.) (See, also, *Govin* v. *De Miranda*, 87 Hun, 227, 229; *Bullock* v. *Bullock*, 85 id. 373, 375.)

A bill of particulars will be required from each party who has filed objections, which shall state in detail the genealogical facts demonstrating his or her alleged relationship to the decedent and the events which have transpired on which he relies to establish his status as a distributee of the decedent. In all other respects and as to all other persons, the application is denied.

Enter order on notice.