JOSEPH T. RUNDLE, Plaintiff and Appellee, *v.* LUZ MARÍA FRATICELLI, Defendant and Appellant.

No. 8414.   Argued April 10, 1942.—Decided April 14, 1942.

*Carlos D. Vázquez* for appellant. *Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

After the defendant had answered the original complaint, the plaintiff substituted a new attorney who, without requesting leave of court, filed an amended complaint. The defendant, without making any objection to such filing, first demurred to and then answered said amended complaint, and the case became ready for trial. At this stage, the defendant also substituted a new attorney, who moved to strike out the amended complaint as having been filed without leave of court and also requested an order directing the plaintiff to furnish her with some particulars. This motion was denied, and such denial forms the basis of the first two assignments of error relied on by the appellant in this appeal. We think they are without merit.

By demurring to and answering the amended complaint, without objecting to its filing for failure to obtain leave of court, the defendant waived her right to raise the point. The fact that she was subsequently represented by another attorney does not alter the situation, since the acts of her former attorney are binding on her. The allowance of an amended complaint rests in the sound discretion of the court and the right to demand compliance with the requisite of first obtaining leave of court may be waived by the other party without thereby infringing any substantive or jurisdictional right. 49 C. J. 848, § 1253. Moreover, in the case at bar, no right was prejudiced, as the defendant was granted leave to file a second amended answer.

██ Regarding the application for a bill of particulars,. §124A, which was added to our Code of Civil Procedure in 1939 (Act No. 73 of 1939, Laws of 1939, p. 462), and was. taken from §247 of the New York Practice Act, provides as: follows:

"Section 124A.—*Bill of Particulars.*—Upon application in any case, the court, upon notice, *may direct* a bill of particulars of the claim of either party to be delivered to the adverse party, and in case of default the court shall preclude him from giving evidence of the part or parts of his affirmative allegation of which particulars have not been delivered. (N. Y. Practice Act Sec. 247, p. 139.)" (Italics. ours.)

We have not taken the above excerpt from the English version of our statute but from the Spanish version thereof,. where the identical English text appears. As may be seen,. the statute uses the word "may" which in its ordinary meaning, save in special cases, denotes that the statute is directive but not mandatory and, therefore, confers discretion on courts to grant or refuse a demand for a bill of particulars: according to the circumstances of each case.

In the case of *In re Bird's Estate,* 283 N.Y.S. 588, construing §247 of the New York Civil Practice Act, it was held that the granting or denial of a motion for a bill of particulars is discretionary with the trial court.

In the case at bar, the amended complaint contained allegations of grave injury and cruel treatment by words and acts and also of a specific act of battery by the defendant on the plaintiff and the lower court held the particulars sought unnecessary. We do not think that the court abused its discretion.

██ In the third assignment it was alleged that the court erred in admitting evidence of acts of violence not alleged in the amended complaint. Such evidence was admissible to corroborate a specific act already alleged.

The quotation made by the attorney for the appellant in his brief of the last paragraph of §122 of 27 C.J.S. 715, is:

incomplete. This is a censurable practice which should not be followed by any attorney before a court and still less before this Supreme Court. The rule as set forth in the above-mentioned paragraph is as follows:

> *"Variance as to cruelty.* Where cruelty is alleged as a ground for divorce, the particular acts relied on in the complaint to establish it must be substantially proved as alleged, although nonessential circumstances need not be proved precisely as set forth. Also, the proof should be limited to the particular acts of cruetly relied on as constituting the ground for divorce, *although the court may take into account other acts of cruelty explanatory of the relations of the parties and tending to corroborate the specific acts alleged."*

We have italicized the portion of the text which was suppressed by appellant's attorney. A reading thereof shows that although the general rule is as stated by the appellant, the proof of corroboration is also admissible. Further on in 27 C.J.S., *Divorce,* §130, which specifically deals with admissible evidence in cases of cruelty, the exception to the general rule is formulated thus: "Evidence of other acts of cruelty may be admitted in explanation, *corroboration, or aggravation* of those relied on as grounds for divorce, . . . ", and it is stated that its admission rests largely in the discretion of the court.

In the case at bar it was alleged by plaintiff in his amended complaint that the defendant, in addition to the grave injuries inflicted on him by word of mouth, struck him with a chair with such violence that the chair broke against his side, injuring him. Such allegations were proved, and the additional evidence to the effect that the defendant threw a saltcellar at the plaintiff had no other purpose than to corroborate the facts alleged as constituting cruelty. Moreover, if we take into account the fact that after the introduction of such evidence by the plaintiff the trial was postponed to be resumed seven days afterwards, it can not be maintained, as alleged by the defendant, that she was sur-

prised thereby and did not have time to rebut the same. The error is nonexistent.

The remaining assignments refer to the weighing of the evidence by the trial court, which, as claimed by the appellant, committed manifest error. In support of said assignments counsel called attention to certain discrepancies and apparent contradictions between the statements of plaintiff's witnesses and plaintiff's own testimony. We have examined the record and if anything is proven by such discrepancies is that the witnesses had not been previously coached as to the exact manner in which they should testify. As was held in *People* v. *Ramos,* 35 P.R.R. 699, 700, "It is exceptional to find the witnesses on one side agreeing as to details. Complete agreement is much more likely where the witnesses are coached."

We fail to find anything in the evidence to justify us in disturbing the conclusion reached by the lower court, which in its opinion said:

". . . . . The evidence for the plaintiff shows, without doubt or hesitation, that for some months after their marriage the defendant frequently used to insult him and that on three occasions battered the plaintiff without cause or justification therefor. The evidence for the defendant was very weak and does not deserve our credence. The García spouses, who testified for the plaintiff and who lived with the parties several months, have deserved our full credence. The defendant herself admits that said spouses are good and respectable people.

"⁂    ⁂    ⁂    ⁂    ⁂    ⁂    ⁂

"From the analysis made by us of the whole evidence, we reach the conclusion that the words and conduct of the defendant towards the plaintiff were not the result of a violent quarrel. They show her firm and settled purpose to worry, mortify, and offend the plaintiff to the extent of rendering the married life unbearable to him, completely destroying the peace and happiness of the plaintiff and thus defeating the legitimate ends of marriage."

The facts in the case of *Gómez* v. *Trujillo,* 59 P.R.R. 470, cited by the appellant, and especially the evidence intro-

duced by the defendant in said case, distinguish it and render it inapplicable to the case at bar.

The appeal must be denied and the judgment appealed from affirmed.