Santry, J.
On the 7th day of July, 1948, the appellant, Vera A. Cohen, served a verified notice of claim on one of the executors of the estate of the decedent. On the 16th day of July, 1948, the executors rejected said claim by a notice in writing served on the claimant and her attorney. On the 4th day of August, 1948, the executors served on the claimant and her attorney a written demand for a verified bill of particulars of her claim, together with a notice that unless such bill of particulars was served within ten days the executors would apply to the court for an order of preclusion. The bill of particulars was not served, the executors applied to the court, and on the 8th day of September, 1948, the order appealed from was granted.
The appellant claims that the Surrogate was without authority to grant the motion. She argues that there was no issue raised or pending in the Surrogate’s Court at the time the order was made; that the order was made before the expiration of the three months’ period accorded the claimant by section 211 of the Surrogate’s Court Act to commence an action in Supreme Court, and that the order was not only prematurely made, but in effect destroyed claimant’s right to a cause of action in Supreme Court.
It is well settled that the Surrogate’s Court has the power to order a bill of particulars in a proceeding pending in such court. Section 316 of the Surrogate’s Court Act provides that, except where a contrary intent is expressed or implied in the act, the provisions of law and the rules applicable to practice and procedure in Supreme Court are applicable to Surrogate’s Courts and the proceedings therein so far as they can be applied to the substance and subject matter of a proceeding without regard to its form. The Civil Practice Act and the Rules of Civil Practice provide for the making of orders requiring a bill of particulars and precluding evidence in case of failure to furnish. In the case of Matter of Schults (240 App. Div. 747) the court said: 4 ‘ The order for the bill of particulars was within the discretion of the surrogate (Surr. Ct. Act, § 316), but since the claim or notice, which the executor accepted, was not verified, the bill of particulars need not be verified. (Rules Civ. Prac. *145 rule 116.) ” To the same effect are: Matter of Leary (175 Misc. 253), Matter of Erlanger (136 Misc. 792), and Richards v. Miller (167 App. Div. 443).
When the claimant filed her claim with the executor and the executors served their notice of rejection on the claimant, a proceeding was instituted in the Surrogate’s Court and the controversy was at issue awaiting trial and determination. No further pleadings were necessary to frame the issues. The situation was analogous to that created in the Supreme Court after service of the complaint and answer. In both instances the case is at issue awaiting trial. At any time after issue is joined a bill of particulars may be required in a proper case. The Court of Appeals in Matter of Schorer (272 N. Y. 247, 251) stated the proposition this way: 1 ‘ All that is now required to give the Surrogate jurisdiction is the filing of a claim within the time permitted and its rejection by the executor or administrator. Thereupon the claim is at issue to be passed upon in a judicial accounting.” In Matter of McGowan (174 Misc. 928, 929) Surrogate Foley, wrote: u The service of such proof of claim tolled the running of the statute and was the equivalent of the commencement of a special proceeding or action. (Matter of Schorer, 272 N. Y. 247, 250.) ”
The fact that the order was made before the expiration of the three months’ period within which the claimant could bring an action in the Supreme Court has no bearing on the question involved here. If the claimant desired to have her claim tried in the Supreme Court, she had only to commence her action within the three months’ period, and automatically the Surrogate’s Court would have been ousted of all jurisdiction over the claim, with the result that the order appealed from would become academic and of no force or effect. The order could have no validity in the action in Supreme Court even if it were broad enough to cover such action, but the order by its terms specifically limits its application to proceedings in the Surrogate’s Court.
The order should be affirmed, with costs.
Foster, P. J., Deyo and Bergae, JJ., concur; Hefeereae, J., dissents, in the following memorandum: I dissent and vote to reverse the order and deny the application. I concede that the filing of a claim within the time prescribed by the statute and its rejection by the executor make an issue for trial. It seems to me, however, that the Surrogate had no jurisdiction to order particulars in this case until after the expiration of three months fol *146 lowing the rejection of the claim. That must he the meaning of the section in question. If that be not so then proceedings for the settlement of an account and a final accounting might be had within that period. The cases cited hold nothing to the contrary.
Order, affirmed, with $10 costs.