Murray T. Feiden, J.
Plaintiff, in seeking a general preference, has followed a growing practice by submitting a bill of particulars which sets forth the injuries and special damages as follows: "The injuries and special damages of this plaintiff are as per Exhibit 'A’ attached. Upon information and belief the above injuries and conditions are believed to be permanent.”
However, the injuries and special damages are described in papers set forth in Exhibits "A” to "G”. These exhibits consist of photostatic copies of a hospital record and copies of medical *564 reports, and many bills in various different places among the papers submitted. The name of the hospital is not ascertainable without unstapling the papers. Parts of the hospital record are poorly photostated so as to be illegible while other parts are not decipherable.
This improperly drawn bill completely ignores the provisions of CPLR 3043 (subd [a], pars [6], [9]). There is no clear statement of the claimed injuries nor a proper description of the injuries claimed to be permanent or a proper statement of the special damages. Referring to exhibits and submitting copies of photostats of reports or records which contain evidentiary details is an attempt to place an unnecessary and wrongful burden upon the court to separate the wheat from the chaff. Evidently the plaintiff’s attorney did not wish to take the time and trouble to do this and has shifted the burden to the court and to the defendants. The attorneys for the plaintiff have followed this practice in other cases, apparently without objection by defendants. Nevertheless, the defendants saw fit to accept the improper bill in this case, and in the other cases where similar bills were submitted.
Parties should be aware that ultimately it is the court that must look to the pleadings (including bills of particulars) in order to pass on an application such as this, and other applications during the course of the litigation and at trial. To evaluate applications and properly conduct a trial, the court must know the nature and extent of the injuries and special damages claimed by the plaintiff. Plaintiff’s attorneys have failed to fulfill this obligation.
Bills of particulars are intended to amplify pleadings, limit the proof and scope of the inquiry and to prevent surprise at the trial (Harmon v Alfred Peats Co., 243 NY 473; Solomon v Travelers Fire Ins. Co., 5 AD2d 1017; Elman v Ziegfeld, 200 App Div 494) and to make known plaintiff’s claim (Dwyer v Slattery, 118 App Div 345; Matter of Herle, 157 Misc 352).
The court is not surprised that the defendants in this case accepted the bill of particulars because in this court’s experience some defendants accept whatever is submitted that purports to be a bill of particulars.
An example, often encountered by the court, are those situations in which the plaintiff, in response to a demand as to whether actual or constructive notice is claimed merely responds with the unenlightened and uninformed statement that "plaintiff claims both actual and constructive notice.” *565 The result is that when the case comes to trial, the court is in the dark on the issue of notice. It should be obvious that the court, charged with the responsibility for the proper conduct of the trial, is concerned with the contents of bills of particulars.
In one case on which the court passed on an application for a general preference, five pages of the bill of particulars consisted almost entirely of narration, illustrative of which is the statement: "Patient was placed in supine position, skin prepared and a sterilized syringe #18 crudle was inserted to the left knee joint just below the patellas with 10 cc. blood-tinged fluid pulled out. On the right side about 15 cc. was removed by aspiration. After respirations short plaster cast was applied to both knees.” (Kay v Priceman, Index No. 9484/74.)
The court sets forth other very brief abbreviated instances:
"A mid-line incision was made from the xiphoid to almost the pubic bone. All bleeders were clamped * * * the abdominal wall was closed in layers.” (Rivera v Schwartz, Index No. 13772/72.)
"Following treatment by the orthopedist * * * then consulted a neurologist * * * feeling further evaluation was necessary.” (Portas v Rao, Index No. 5838/74.)
"After several days of bedrest to permit mobilization of stiff joints.” (Grissom v Smith, Index No. 21299/74.)
These illustrations of a practice that has developed are not unusual. Defendants may be satisfied to accept such bills of particulars. However, the litigants have no right to expect the court to acquiesce in such improper practice. The cases referred to in this opinion are illustrations of the kind of practice referred to by Mr. Justice J. Irwin Shapiro in People v Rosenfeld (61 Misc 2d 72), wherein he said (p 79) "For some time past some of my brothers at the Bench and I have been appalled at the steady and progressive deterioration of the quality of pleadings and affidavits”.
The application for a general preference is denied without prejudice to renewal on the submission of a proper bill of particulars (Gaeta v Rizzo, 32 AD2d 653; D’Onofrio v Davis, 14 AD2d 960).
Submit order.