Marie Dorros, Inc., Appellant, *v.* Dorros Bros., Inc., et al., Respondents.

First Department, June 21, 1948.

*Ephraim S. London* of counsel (*London, Simpson & London,* attorneys), for appellant.

*Frederick M. Schlater* of counsel (*Nicholas S. Masses* with him on the brief), for respondents.

PECK, P. J. This appeal raises the question of whether the party who does not have the burden of proof should be allowed to examine his adversary before trial. While there has been no absolute rule against such examination (*Public National Bank v. National City Bank*, 261 N. Y. 316), there has been a general practice by decisions limiting the privilege of examining to the party having the burden of proof. That limitation and the entire subject of examinations before trial have been widely discussed in bar groups and judicial circles in recent years, especially since the adoption of the Federal rules allowing broad scope to examinations before trial. We have decided to reconsider the problem, as relating to the burden of proof, and redefine the policy and practice in that regard in commercial litigation. The instant case presents the occasion for doing so.

Plaintiff corporation, which claims the exclusive right to use the name "Dorros Bros." in the business field in which both plaintiff and defendants are engaged, sues to enjoin the defendants from using the name "Dorros Bros." in connection with their business now conducted under the name of Dorros, Bros., Inc. The complaint alleges that since June 15, 1932, plaintiff has used the name "Dorros Bros." in connection with its business. The answer denies that allegation, and by way of defense alleges that plaintiff has intentionally failed to use the name "Dorros Bros." in its business and has abandoned whatever rights it may have had in the name. Defendants moved for an examination of plaintiff before trial and the court granted the motion as to plaintiff's having failed to use the name "Dorros Bros." since May, 1932, and as to other items which we shall not comment upon beyond saying that they are allowed because of their possible connection with the issue of user, without passing upon the sufficiency of the defense involved.

Plaintiff has appealed, on the ground that it has the burden of proving that it did in fact use the name "Dorros Bros." and that an examination should not be allowed to one having the *negative* of an issue.

It is true that plaintiff has the burden of proof on the issue of user. The burden is not affected by defendants' plea of non-user, their denial being as effective as their defense for the purpose of raising the issue. The question is squarely presented, therefore, whether an examination should be denied to defendants because they do not have the burden of proof on the issue on which they seek to examine.

Section 288 of the Civil Practice Act provides in part: "Any party to an action in a court of record may cause to be taken by

deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action."

There is no reference in the section to the burden of proof. The burden of proof has entered into consideration and become controlling on the theory that it is " necessary " only for the party having the burden to examine. Does the limitation which has grown up around that theory conform to reality and does it effectuate the purpose of the statute? That is the test of whether the limitation should be adhered to or abrogated.

The purpose of examinations before trial, like the trial itself, is to get out the facts. As the trial should be an open meeting on the merits, both sides should have a fair opportunity, in advance of trial, to garner evidence. Examinations before trial are thus a useful procedure in facilitating preparation and expediting the trial. Professional opinion, in the light of experience, has steadily moved in favor of broadening the permissible scope of examinations. The Federal courts, under the Federal rules, have moved all the way from not countenancing examinations at all to a free examination of parties and witnesses. The Judicial Council has recommended allowing each party to examine the other, without regard to the burden of proof. In England a general discovery of evidence before trial is permitted.

Our present statute allows taking testimony which is " material and necessary ". What is necessary? It is necessary that each party produce material evidence. The burden of proof makes only a difference of degree. It is necessary that the party having the burden of proof go forward and make out a prima facie case in the first place, and in the end prevail by a fair preponderance of the evidence. But the defendant may not with any assurance or realism sit back and rely on the burden being elsewhere or await the development of his adversary's case before preparing to meet it. The negative in preparing for trial must be ready on trial day to meet the issue. Thus, little or no difference exists in the necessity of eliciting material evidence.

It may be that examining an adversary is not necessary in fact. That may be so of either party. Actual necessity will likely be wholly unrelated to the burden of proof. The burden of proof, therefore, should not be controlling one way or the other.

In practice, we think that a liberal and practical view should be taken of what is necessary. There is so much merit in a dis-

closure of the facts in advance of trial that it should be allowed whenever legitimately sought. Undoubtedly fear of abuse in examinations before trial has operated to curtail their extension. It would seem, however, that the possibilities of abuse can be adequately covered by judicial surveillance, without the imposition of arbitrary restrictions. As a matter of administration, examinations should be arranged between the parties on a professional basis, and resort to the court by motion or objection should be had only when a serious question is raised as to the good faith, legitimate purpose or reasonable scope of the examination.

We are persuaded to the view that the limitation on examinations before trial in accordance with the burden of proof is no longer consonant with good practice or justice. It is one-sided, unreal and unfair. All that may be said in favor of examinations before trial as an instrument of getting at the facts is in favor of bilateral rather than unilateral examinations, and equality of opportunity in examining.

The order, so far as appealed from, should be affirmed, with $20 costs and disbursements to the respondents.

GLENNON, VAN VOORHIS and SHIENTAG, JJ., concur; DORE, J., concurs in result.

Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements. The date for the examination to proceed to be fixed in the order. Settle order on notice.