JERRY LINDHEIMER, Plaintiff, *v.* WOODMERE HATS, INC.,
Defendant.

City Court of the City of New York, Special Term, New York County,
September 8, 1948.

*Richard R. Glassman* for plaintiff.

*Theodore Charnas* for defendant.

PARELLA, J. The motion to examine defendant before trial is denied, without prejudice to renewal as hereinafter stated.

The moving papers are fatally defective in that no items upon which examination is sought are set forth either in the notice of motion or in the affidavit submitted in support of the application. While the case of *Dorros, Inc.*, v. *Dorros Bros.* (274 App. Div. 11) announces a most liberal rule with respect to examinations before trial in this department, it does not, in my opinion, dispense with the necessity for the formulation of proper items of examination within the framework of the pleadings. To rule otherwise would permit examinations so unlimited in scope as to sanction " fishing expeditions ". The defendant also urges that the notice of motion is additionally defective for the reason that it fails to set forth the relief which is sought, but as no relief can be granted on this motion for the reason noted above, further discussion of this point becomes academic.

Defendant calls attention to the fact that plaintiff has served a notice to amend paragraph second of the complaint pursuant to a notice dated June 21, 1948. I have compared paragraph second of said notice with the like paragraph in the complaint annexed to the motion papers herein and find that they are identical. Yet I find no order of the court permitting such amendment. If examination is sought with respect to paragraph second, in the form in which it is proposed to be amended, a separate motion to amend the complaint accordingly should be made before renewal of the motion for examination, unless a stipulation consenting to such amendment can be obtained.

In the case of *Dorros, Inc., v. Dorros Bros. (supra)* the court had this to say at page 14: "As a matter of administration, examinations should be arranged between the parties on a professional basis, and resort to the court by motion or objection should be had only when a serious question is raised as to the good faith, legitimate purpose or reasonable scope of the examination." In any event, therefore, before any new motion is made herein counsel will communicate with each other as suggested above and attempt in good faith to work out proper items for examination herein.