In the Matter of the Probate of the Will of IDA MARS, Deceased.

Surrogate's Court, Orange County, March 12, 1952.

*William F. Stanton* for William J. McGiffert, as executor of Ida Mars, deceased, proponent.

*Meyer J. Rider,* as special guardian, contestant in person.

TAYLOR, S. In this contested probate proceeding the special guardian has also filed objections attacking the manner of execution of decedent's will and her competency to make a will. The burden of proof upon both of these points lies with the proponent, and for that reason the proponent claims the right to examine the special guardian thereon before trial. The question of whether or not a special guardian may be examined before trial as a party, appears not to have been determined in any reported decision.

Examinations before trial in Surrogates' Courts are governed by the appropriate provisions of the Civil Practice Act (Surrogate's Ct. Act, § 316). Section 288 of the Civil Practice Act

provides that any party to an action may cause to be taken by deposition before trial his own testimony " or that of any *other party* " (emphasis supplied), and the question here is whether the special guardian is a " party " to this proceeding in the sense in which that word is used in the statute.

Turning to the Surrogate's Court Act, section 140 prescribes that so far as material here the persons to be cited upon an application for probate shall be the " husband· or wife, if any, and all the distributees of the testator ". Obviously, a special guardian is nowhere mentioned in this section.

" Party to an action " was thus defined in *Seeley* v. *Clark* (78 N. Y. 220, 221–222) in the following language: " The words ' party to an action,' in section 870 of the New Code, include parties to the record, and no one else. Such is their legal and ordinary meaning. Mead, the person whose examination was directed, it is conceded, is not one of those parties. That he is a party in interest is not sufficient; he is still ' a person not a party,' and his examination in certain cases is provided for by section 871." Continuing with definitions we find that a " party " to a judicial proceeding has been declared to be " one whose interest in the subject matter, whether favorable or adverse, is such that his presence on the record is either necessary or proper." (*Matter of Stafford,* 103 N. Y. S. 2d 153, 156; *Matter of Kenny,* 92 Misc. 330, 335.)

The function of a guardian ad litem is so similar to that of a special guardian that many of the rules governing the one would apply to the other. In *Moore* v. *Flagg* (137 App. Div. 338) the question arose as to the status of a guardian ad litem, and the court therein said (p. 346): " The plaintiff in the case at bar is William J. Moore. The cause of action set up in the complaint is vested in him. To be sure he appears by his guardian *ad litem,* but so does an infant in an action brought to assert the infant's rights. The demurrer was sustained upon the ground that the *plaintiff* had no legal capacity to sue. ' A guardian *ad litem* is not a party to the suit, but is an officer appointed by a court of justice in a cause to prosecute or defend for, or otherwise to represent and look after the interests of an infant or an insane person whose property rights are affected by the judgment or decree, the rendition of which is contemplated.' "

*Behlen* v. *Behlen* (73 App. Div. 143, 144) quotes with approval the memorandum of Special Term, in which it was said " A guardian *ad litem* is not a party to an action; he simply represents the party."

Were the guardian ad litem a party, then it would seem under well-settled practice principles that an action should be brought by or against the guardian ad litem rather than by or against the infant or incompetent. The proper practice is for an action to be brought in the name of the infant or incompetent, the real and actually the only party, by or through the guardian ad litem as his representative. (*Perkins* v. *Stimmel,* 114 N. Y. 359.)

In *Segelken* v. *Meyer* (94 N. Y. 473) the objection was made that the action was improperly brought by the infant in his own name by his guardian ad litem, and that it should have been brought by the general guardian of the infant in his own name as such general guardian, to which the court answered (p. 480): " We think that the action was well brought in the name of the infant by his guardian *ad litem* ".

The application here is to examine the special guardian as a " party " and not as a witness. It follows that one may take advantage of the liberal rules for the examination of parties only when the person sought to be examined is actually a party, and others than parties cannot be examined before trial upon the mere designation of them in the moving papers as parties. (*Boorman* v. *Atlantic & Pacific R. R. Co.,* 78 N. Y. 599; *Fletcher* v. *Di Giovanna,* 269 App. Div. 1060; *Redfield* v. *National Petroleum Corp.,* 211 App. Div. 152; *Gallagher* v. *Akoff Realty Corp.,* 197 Misc. 460.)

It has been said that a special guardian is in a sense the attorney for his ward (*Matter of Balfe,* 174 Misc. 279, affd. 261 App. Div. 996), and section 64 of the Surrogate's Court Act, which is the authority for the appointment of a special guardian, provides that where there is an infant or incompetent " the surrogate must appoint a competent and responsible person, *to appear* as special guardian for that party " (emphasis supplied). In amplification of this statement is the following quotation from *Matter of Schrier* (157 Misc. 310, 312): " The gravamen of the complaint demonstrates merely the misunderstanding of the present applicant of the functions of a special guardian. He is, to be sure, in a sense a representative and officer of the court which appoints him, but this is strictly limited by the duties which he is called upon to perform, which are to protect the interests of wards of the court whose conservation is enjoined upon it. He is in no particular a judicial officer if that phrase is given the connotation of one who is· called upon to weigh the merits of the proceeding and pass on the rights of the respective litigants."

In volume 1 of Butler on New York Surrogate Law and Practice, the author states in section 448: "So far as concerns his relation to the litigation for which he is appointed, a special guardian acts solely as the attorney for the particular persons whose interests he had been designated to protect."

The nature of the office of a special guardian is well stated in Warren's Heaton on Surrogates' Courts (Vol. 1, § 80) and Jessup-Redfield on Surrogate's Law and Practice (Vol. 1, § 293).

The court possesses no jurisdiction to appoint a special guardian until it has first acquired jurisdiction by proper service of process upon an infant or an incompetent, so that upon this ground, too, a special guardian cannot in the nature of things be a party to a proceeding.

In cases where it has been held that one standing in a fiduciary relationship may be examined as a party before trial, the examination must be limited to those facts which the individual acquires in his fiduciary capacity and not as to those matters of which he acquired knowledge as an individual. In other words, one in his individual capacity and in his fiduciary capacity are separate juridical persons. (*Leonard* v. *Pierce*, 182 N. Y. 431; *Collins* v. *Hydorn*, 135 N. Y. 320; *Bartlett* v. *Sanford*, 244 App. Div. 722; *Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294; *Nagel* v. *Nagel*, 242 App. Div. 845; *Balais* v. *Brady & Gioe*, 189 App. Div. 408, affd. 228 N. Y. 507; *Williams* v. *Fischlein*, 144 App. Div. 244; *Genesee Vall. Trust Co.* v. *Newborn*, 167 Misc. 220.)

As the special guardian, as such, did not come into being until the return of the citation, he could have no knowledge in his representative capacity of any of the matters set out in his objections.

The proponent contends that as the special guardian has verified the objections as the " contestant above named ", that makes him a party. This objection is readily disposed of in the obvious answer that the special guardian may not by what might be an inadvertent choice of words make his position different from that defined by law.

The motion to examine the special guardian before trial as a party is denied.