In the Matter of the Probate of the Will of MOLLIE WEISBERG, Deceased. STANFORD WEISS, Appellant; JOSEPH WEISS et al., Respondents.— In a contested probate proceeding, contestant appeals from an order of the Surrogate's Court, Nassau County, granting in part and denying in part his motion to vacate a notice of demand for a bill of particulars of the objections. Order modified by striking out the ordering paragraphs, and by substituting therefor the following: "Ordered that the said motion be and the same hereby is granted in all respects". As so modified, order affirmed, without costs. The denial of the motion with respect to certain particulars was an improvident exercise of discretion. Nolan, P. J., MacCrate, Schmidt and Ughetta, JJ., concur; Murphy, J., dissents and votes to affirm the order without modification, with the following memorandum: At the trial proponent will rest on the instrument and the testimony of the subscribing witnesses. The burden of going forward will then shift to contestant. The real trial will start upon production by contestant of proof in support of his objections. The office of a bill of particulars is to afford a party all information necessary to enable him to know definitely the claim of his adversary under the latter's pleading. The courts are liberal in granting such bills. (*Elman* v. *Ziegfeld,* 200 App. Div. 494, 497.) The granting of a bill does not depend upon the facts or knowledge of the

party seeking the bill. Its purpose is to enable a party to ascertain the facts as claimed by his adversary. (*Dwyer* v. *Slattery,* 118 App. Div. 345.) These principles were recognized by Surrogate WINGATE in *Matter of Herle* (157 Misc. 352, 356). His partial denial of a bill three years earlier in *Matter of Mullin* (143 Misc. 256, 260) on the ground that proponent had the affirmative seems erroneous as of the present time. On the companion subject of examinations before trial, they were once *granted* ordinarily only for the very reason that it is sought to deny the present application, namely, that the party seeking the examination had the burden of proof. (*Oshinsky* v. *Gumberg,* 188 App. Div. 23.) This standard with respect to examinations has been discarded. So, too, should the inconsistent standard as to bills of particulars. The present policy, as I understand it, is to require all parties, upon application, to state in advance of trial not only their general claims but the facts upon which they rely in support thereof.