James E. Mulcahy, J.
Motions numbered 19 and 24 have been considered together. In this action to recover damages for an alleged assault, mutual notices of examination before trial were served by the respective parties. In and by these motions which are now before the court, each party moves to vacate the notice of examination served by the other side.
In Siciliano v. Consolidated Edison Co. (204 Misc. 203) it was held that rule 121-a of the Rules of Civil Practice was not intended to change the rule prevailing in the First Department that a general examination before trial is not allowed in an action to recover damages for assault, unless special circumstances are shown which warrant departure from the aforesaid rule. Even so and long before the adoption of rule 121-a of the Rules of Civil Practice a limited examination before trial was allowed in tort actions on the issues of ownership, operation, control, etc.
It seems to me that the defendant takes an inconsistent position in urging that, despite the fact that this is an assault action, the defendant is entitled to a general examination before trial but the plaintiff is not. With the increasingly liberal policy toward mutual examinations before trial (see Marie Dorros, Inc. v. Dorros Bros., 274 App. Div. 11; Rules Civ. Prac., rule 121-a), it seems to me that when a broad examination is allowed at the behest of one side to the controversy the other side also ought to be allowed a similar examination. I think the defendant has made a sufficient showing of special circumstances, especially since he claims that this is a “ no report case ”, to warrant departure from the general rule and to *838 permit a general examination before trial of the plaintiff. Defendant’s notice of examination is modified as requested on page 2 of the Burgess affidavit of October 31, 1956, and the plaintiff’s motion is granted to the extent only of modifying the notice as aforesaid and the motion is otherwise denied. I think it follows from this ruling that the plaintiff is entitled to a similar examination of the defendant before trial. Apart from the foregoing, I think also that the fact that the defendant claims that this is a “ no report case ” and that the plaintiff does not even know the name of the bus driver who allegedly assaulted him, constitute a sufficient showing of special circumstances on the plaintiff’s part which make it material and necessary for the plaintiff to have a full and broad examination of the defendant before trial. Defendant’s motion to vacate the plaintiff’s notice is therefore denied.
Defendant shows that he served a timely demand for a bill of particulars which has not been complied with and invokes subdivision 8 of rule XI of the Trial Term Rules of the Supreme Court of New York County. Rule XI is fully applicable to this court (see N. Y. City Ct. Rules, rule XXVI). If the plaintiff has not yet done so, he should promptly prepare and serve his bill of particulars to the best of his present ability. The plaintiff and the defendant, the latter by its officer, agent or employee having sufficient knowledge to testify adequately, are each directed to attend for examination before trial as hereinabove set forth at Special Term, Part II of this court on the 10th day following the service of plaintiff’s bill of particulars, such date to be agreed upon between counsel. The defendant shall first examine the plaintiff before trial, and immediately thereafter the plaintiff shall examine the defendant before trial (N. Y. Co. Sup. Ct. Trial Term Rules, rule XI, subd. 3.)