John D. Bennett, S.
In this contested probate proceeding, the usual objections have been filed alleging lack of due execution, lack of testamentary capacity, fraud and undue influence and a ‘ ‘ conspiracy ’ ’ to undermine and influence the deceased.
The contestant has moved to (1) examine the proponent and the persons named as coexecutors in the propounded instrument and the widow of the decedent as adverse parties before trial, (2) to vacate a notice to take the testimony of the contestant as an adverse party before trial, and (3) to extend the time in which the contestant will be required to furnish a bill of particulars.
The items on which an examination may be conducted have, by a process of individual judicial determinations, assumed a certain definitive form (cf. Matter of Coen, 128 N. Y. S. 2d 166; Matter of McNamara, 148 N. Y. S. 2d 544; Matter of Altschul, 142 N. Y. S. 2d 484; Matter of Goldman, N. Y. L. J., Dec. 20, 1956, p. 8, col. 3; Matter of Black, N. Y. L. J., Nov. 28, 1951, p. 1407, col. 3; Matter of Carll, 201 Misc. 829; Matter of Goren, 203 Misc. 609; Matter of Walsh, 154 N. Y. S. 2d 987; Matter of Korn, 265 App. Div. 987; Matter of Tanner, 185 Misc. 994; Matter of Carlsen, N. Y. L. J., July 26, 1949, p. 146, col. 7; Matter of Frank, 165 Misc. 411; Matter of Kaplan, 193 Misc. 129; Matter of Kreutzburg, 185 Misc. 995; Matter of Ruef, 180 App. Div. 203; Matter of Wilkonska, N. Y. L. J., Feb. 16, 1950, p. 595, col. 1; Rollwagen v. Rollwagen, 63 N. Y. 504; Matter of Danilow, N. Y. L. J., Oct. 1, 1948, p. 651, col. 2; see, also, 2 McCullen on Examinations before Trial [rev. ed.], § 933 and cases there collected).
It no longer is necessary for the party seeking the examination to assert that he has the burden of proof (Civ. Prac. Act, § 288; Rules Civ. Prac., rule 121-a; see, also, Matter of Carll, supra and cases collected at page 836; Matter of Weisberg, 286 App. Div. 849; Matter of Silagye, N. Y. L. J., Jan. 24, 1957, p. 6, col. 4, citing Matter of Kahn, 274 App. Div. 900; Matter of Held, 83 N. Y. S. 2d 656; Matter of McConnell, 107 N. Y. S. 2d 258; Robinson v. Goldberg, 94 N. Y. S. 2d 422).
The motion of the contestant to examine the proponent is granted. The motion to vacate the proponent’s notice to take the testimony of the contestant is denied. Each party may examine the other as adverse parties before trial, in lieu of the items demanded, as to the following matters: (a) testamentary capacity of the decedent (b) the execution of the propounded instrument (c) fraud and undue influence practiced upon the decedent (d) the mental and physical condition of the decedent as bearing upon the issues of fraud and undue influence (e) the *664 decedent’s financial status at or about the time of the execution of the propounded instrument (f) the personal business and financial relations and transactions of the decedent with the proponent and the contestant. The examination is ordinarily confined to the three-year period prior to the date of the propounded instrument and two years thereafter. This is the period fixed for this examination except that, since the decedent died less than two years after the execution, the inquiry will extend to the date of the decedent’s death (Matter of Altschul, 142 N. Y. S. 2d 484, supra; Matter of Egger, 188 Misc. 542; Matter of Weth, 135 N. Y. S. 2d 70).
The contestant’s examination will be confined to the proponent, Alfred Veeder, and Jean Veeder, who are adverse parties (Matter of Smith, 142 Misc. 583, 584) and is denied as to the coexecutors named in the propounded instrument, who have not joined in the petition. They are not adverse parties and no special circumstances have been shown to permit their examination as witnesses.
All parties to be examined by the contestant or the proponent are to produce, for use at the examination, all papers and data pertaining to the matters upon which the examination is granted which are in their possession or under their control pursuant to section 296 of the Civil Practice Act.
It would appear to be the better practice to require the contestant to furnish his bill of particulars after he has had an opportunity to conduct his examinations before trial (see Matter of Ludlam, 154 N. Y. S. 2d 989; Matter of Meyers, 158 Misc. 942). The proponent having served his notice first will examine the contestant first. The examination by the contestant will commence two days after the completion of his examination and the contestant will furnish his bill of particulars within 15 days after the completion of said examinations.
Submit orders on notice in accordance with this decision, setting forth the times of, places where, and the officers before whom the examinations are to be conducted.