James S. Brown, J.
Motion by plaintiffs to vacate or modify the notice of examination served by the defendant Goldstein to examine plaintiffs before trial as adverse parties. Plaintiffs admit the validity of the examination upon the matters specified in item 3 of the notice, but question the right to examine as to the remaining five items on the ground that it is not “ permissible under the issues raised by the pleadings.”
The principal issue revolves about the question of ownership of a certain certificate, number 6, for 25 shares -of common stock in the defendant corporation issued to the individual defendant on or about May 1, 1943.
The pleader in preparing the amended complaint has seen fit to include allegations which must be presumed to be both necessary and material to plaintiffs’ cause of action to prove ownership of the stock. Such allegations have become issues in the case. All the items of the examination which defendant seeks have some connection with the plaintiffs’ allegations.
That the adversary has the negative of the issue is not a bar to the examination of the plaintiffs by the defendant. (Dorros, Inc. v. Dorros Bros., 274 App. Div. 11; Rules Civ. Prac.,. rule 121-a.) “In practice, we think that a liberal and practical view should be taken of what is necessary. There is so much merit in a disclosure of the facts in advance of trial that it should be allowed whenever legitimately sought.” (Dorros, Inc. v. Dorros Bros., supra, pp. 13-14.)
The matters about which the examination is sought are material and necessary (Civ. Prac. Act, § 288), and are connected with the principal issue of ownership of the disputed stock certificate.
Plaintiffs’ amended complaint will be referred to by paragraph number. The individual defendant, Goldstein, will be *151 referred to as the defendant and codefendant, Berger Hat Co. Inc., will be referred to as the corporation.
Since plaintiffs allege that on or about May 1, 1943 they and the corporation “ negotiated and completed arrangements ” with the defendant and further allege that defendant entered into an agreement with plaintiffs and the corporation on or about May 1, 1943, item 1, concerning the position or office held by plaintiffs in the corporation on May 1, 1943, is allowed.
Plaintiffs claim they demanded that defendant return the stock. Defendant denies the allegation and sets up an affirmative defense claiming that it was the corporation that made a demand upon the defendant to sell the stock to the corporation. Therefore, item 2, concerning the present position or office held by the plaintiffs in the corporation is allowed.
Defendant denies that plaintiffs are entitled to the stock and pleads affirmatively, in effect, that if defendant is not the owner, then the corporation is. Also, plaintiffs allege that they were at all times the owners of said stock and that “ plaintiffs * * * were to deliver to the said defendant ” possession of said stock “ to be held by her for the period during which she would be in the employ of said corporate defendant, and that upon the cessation and discontinuance of her employ ” would promptly surrender the stock to plaintiffs. Item 4, therefore, concerning the basis of plaintiffs’ claim of ownership, is allowed.
Item 5, concerning the date, place and circumstances under which plaintiffs became stockholders, is relevant and material under the pleadings herein, as set forth in paragraphs 5 to 11, inclusive, and 16 and 17 and is allowed. From the supplemental affidavit submitted on behalf of the moving parties, it appears that plaintiffs and defendant are the sole stockholders of the corporation. Plaintiffs, having alleged that they played a prominent part in the transaction between defendant and the corporation, an examination of their authority so to act appears material and necessary.
Since the complaint alleges that, in connection with the acquisition of the business by the corporation, plaintiffs and the corporation negotiated and completed arrangements with the defendant for the latter’s employment, item 6, concerning all the facts and circumstances of defendant’s employment by the corporation, is allowed.
Eelevant books, records and papers shall be produced by plaintiffs for use pursuant to section 296 of the Civil Practice Act.
Motion denied. Settle order on notice, making provision therein for a new date on which the examination shall take place.