John D. Bennett, S.
The petitioner in a discovery proceeding originally sought to examine one of the executors, Samuel J. Moritz, in his representative and individual capacities by notice of examination. The respondent moves to vacate the notice of examination, asserting among other things, that the petitioner failed to proceed, in the first instance, by notice of motion as required where a witness is to be examined (see Augenblick v. Augenblick, 203 Misc. 360; Shoreham Operating Corp. v. Peyster, 7 Misc 2d 100). The petitioner now by way of a cross notice of motion seeks the relief initially sought by notice of examination.
The coexecutor, Moritz, may only be examined as a party pursuant to section 288 of the Civil Practice Act as to those matters of which he has knowledge in his representative capacity. In Matter of Mars (201 Misc. 329, 332) the court said: “ In cases where it has been held that one standing in a fiduciary relationship may be examined as a party before trial, the examination must be limited to those facts which the individual acquires in his fiduciary capacity and not as to those matters of which he acquired knowledge as an individual. In other words, one in his individual capacity and in his fiduciary capacity are separate juridical persons.” (Citing cases.)
The major part of the items in the cross notice concern matters of which the coexecutor would have knowledge only as an individual, since they relate to a period prior to his appointment (Pardee v. Mutual Benefit Life Ins. Co., 238 App. Div. 294). If then Mr. Moritz is to be examined on such items, it will only be as a witness and not as an adverse party.
“ Special circumstances are often presented which warrant the examination before trial of a person other than a party, even though such person might be available for the trial. (See Lyon v. Fieldgren Realty Corp., 190 Misc. 700, affd. 273 App. Div. 917 and cases cited therein.) Thus examinations of witnesses are permitted when it is established that they are hostile (Reif v. Gebel, 246 App. Div. 776) or where the witness has special or exclusive knowledge of the facts in issue (Manufacturers Trust *103 Co. v. American Nat. Fire Ins. Co., 232 App. Div. 536; Bartlett v. Sanford, 244 App. Div. 722).” (Southbridge Finishing Co. v. Golding, 2 A D 2d 430, 435.)
In Bartlett v. Sanford (supra, p. 723) the court said: “ The witness sought to be examined apparently has substantially the same knowledge that either the plaintiff or the incompetent person would have, and evidently is the only person who can testify on those subjects. Therefore, ' other special circumstances ’ as contemplated by the provisions of section 288 of the Civil Practice Act, would exist and she should be called upon to be examined before trial instead of pursuing the more unsatisfactory course of calling her as a hostile witness on the trial. ’ ’
Sufficient facts have been presented to warrant an examination of Samuel J. Moritz, the coexecutor, in his individual capacity as to all the items requested and in his representative capacity as to all matters only occurring after the date of his qualification.
The fact that section 347 of the Civil Practice Act may bar the petitioner’s testimony at the trial, has no effect upon the right of the petitioner to an examination before trial pursuant to section 288 of the Civil Practice Act of such coexecutor (Lemlich v. Lemlich, 266 App. Div. 748).
Settle order on five days’ notice setting forth the time and place of the examination.