■ John D. Bennett, S.
In this probate proceeding the contestant, by order to show cause, seeks an examination before trial of decedent’s widow, the sole legatee, who takes under the will, and the decedent’s daughter, who was to take under the will only in the event she survived her mother.
By two separate notices of motion the contestant also seeks to examine the proponent of the will and to vacate or modify the proponent’s demand for a bill of particulars.
The widow, being the sole legatee who takes under the will, may be examined as an adverse party (Matter of Smith, 142 Misc. 583; Matter of Dooper, 124 Misc. 411).
The daughter, on the other hand, cannot be examined before trial as an adverse party. Although she is named as a legatee in the will, her status as such would only arise in the event she survived her mother (Matter of Dooper, supra) which event did not occur. If anything, her pecuniary interests would be advanced by denial of probate. Under such circumstances her interests cannot be said to be adverse to contestant (Matter of Ash, 166 Misc. 901, affd. 254 App. Div. 660).
Although the daughter may not be examined as an adverse party, sufficient has been shown to demonstrate the special circumstances required to examine her before trial as a witness (see Civ. Prac. Act, § 288).
The order to show cause to examine Anne L. Draisin as an adverse party and Marian D. Regozin as a witness is granted. The motion to examine the proponent, Herman A. Regozin, is also granted. In lieu of the items demanded by the contestant, she may examine the parties as to the following items: (a) testamentary capacity of the decedent (b) the execution of the propounded instrument (c) fraud and undue influence practiced upon the decedent (d) the mental and physical condition as bearing upon the issues of fraud and undue influence (e) the deced *283 exit’s financial status at or about the time of the execution of the propounded instrument (f) the personal business and financial relations and transactions of the decedent with the individuals directed to be examined. The period fixed for this examination is confined to the three-year period prior to the date of the propounded instrument and two years thereafter (Matter of Veeder, 7 Misc 2d 662, 663).
The motion of the contestant to vacate or modify the demand for a bill of particulars is granted to the extent of denying items 1 and 2 as they are concerned with testamentary capacity on which the proponent has the affirmative (Matter of Weisberg, 286 App. Div. 849; Matter of Mullin, 143 Misc. 256; Matter of Sirisky, N. Y. L. J., Jan. 7, 1957, p. 11, col. 4). In all other respects the motion to vacate or modify the demand for a bill of particulars is denied.
The contestant has objected to the propriety of items in the bill of particulars such as every act of fraud, duress, and manner and means by which undue influence was exercised and the date, time and place where each are claimed to have been committed. This court has consistently held that “ specific acts ” or “ particular false statements ” and the names of the person or persons charged with the same may be properly demanded (Matter of Mottek, 6 Misc 2d 934, 938, citing cases).
All parties to be examined by the contestant are to produce, for use at the examination, all papers and data pertaining to the matters upon which the examination is granted, which are in their possession or under their control, pursuant to section 296 of the Civil Practice Act. The contestant is directed to furnish a bill of particulars 15 days after the completion of the examinations provided for herein.
Settle order on five days ’ notice setting forth times of, places where, and the officer before whom the examinations are to be conducted’.