John D. Bennett, S.
The proponent seeks a bill of particulars of such of the contestants’ objections as allege a revocation of the propounded instrument.
Since Matter of Weisberg (286 App. Div. 849) it is well settled in this department that a bill of particulars may be demanded of a party as to those issues on which he has the burden of proof. It seems equally well established in this department that specific facts may be demanded where a bill of particulars is required (see 2 Warren’s Heaton on Surrogates’ Courts, § 184, par. 3; Matter of Ludlam, 154 N. Y. S. 2d 989, 990 and cases there cited).
Although the proponent has the burden of proving due execution of the propounded instrument, the original of which has been produced, it is well settled that the burden of establishing its revocation is upon the contestants on these facts (Matter of Crouse, 205 App. Div. 135, affd. 238 N. Y. 583; Matter of Malherbe, 112 N. Y. S. 2d 86, 87 and eases there cited; 2 Warren’s Heaton on Surrogates’ Courts, § 186-E, par. 21). Although the contestants would limit the demand to the matters permitted in Matter of Van Riper (171 Misc. 178) and Matter of Goldin (90 N. Y. S. 2d 601), it would be inconsistent to require specific facts to be particularized as to fraud and undue influence, and not to use the same standard with respect to allegations regarding revocation where the burden of proof is also on the contestants.
The motion is granted in its entirety. If the contestants are unable to comply with any portion of the demand, they may so state.
Submit order on five days’ notice.