John D. Bennett, S.
In this probate proceeding objections relating generally to the issue of due execution by the testator have been interposed. The contestant specifically alleges, in her answer to the petition, that the first 9 pages of the 11-page instrument offered for probate were substituted in place of the original 9 pages after the purported execution on October 28, 1954.
The instant motions, one by the contestant and the second by the proponents, are for a discovery and inspection and a bill of particulars respectively.
The motion for a discovery and inspection by the respondent seeks to discover the following items:
“ (1) The carbon copy of the instrument filed herein and purported as the Last Will and Testament of the above-named decedent, which copy was found in the safe of the said decedent.
“ (2) All other carbon copies of the said instrument.
“ (3) The typewriter upon which said instrument was drawn.
“ (4) Copies of writings drawn upon said instrument at various periods of time from September, 1954, the approximate time when the purported instrument was drawn until the present time.”
Since this motion is directed against the petitioners, their agents and attorneys, an order of discovery as to the requested items will only be granted if there is a finding as required under section 324 of the Civil Practice Act that the parties against whom the discovery is sought have such items in their possession or under their control.
In an affidavit submitted by the contestant for this motion, there is a statement that the typewriter sought to be discovered is in the possession of the petitioner, Henry H. Salzberg. Mr. Salzberg is also an attorney and represents the petitioners in this proceeding. He, or an associate, is presumably also the draftsman of the instrument offered for probate.
The copies of writings drawn upon the typewriter sought for comparison purposes are files or parts of files presently in *762 the office of such attorney. There is no itemization as to what specific writings are sought, and apparently the contestant is merely interested in a selection of files at random.
It has been held generally that anyone against whom an action is pending in his representative capacity is a stranger to any right or liability which he possesses individually (Leonard v. Pierce, 182 N. Y. 431; Collins v. Hydorn, 135 N. Y. 320; Bartlett v. Sanford, 244 App. Div. 722; Pardee v. Mutual Benefit Life Ins. Co., 238 App. Div. 294). In the last-cited case the court considered the extent of an examination pursuant to section 288 of the Civil Practice Act that may be granted where the party sought to be examined is the representative of an estate. The court there stated the following (p. 297):
‘ ‘ I think that when section 288 of the Civil Practice Act says that an adverse party can be examined before trial, it means just what it says; it means that the party himself must be interrogated, and not some stranger; that he must be questioned about matters concerning which he, rather than someone else, has knowledge; that if the action is brought by some person in his representative capacity he must be examined in that capacity, and not as an individual; that the subject of the inquiry must be confined to matters of which the party as a party has knowledge, and not otherwise. If that were not so, it would not be the party who was being examined; it would be a stranger who was being interrogated. Such an outsider cannot be examined as a party; if he is to be examined at all, it must be as a witness.” (See, also, Matter of Moritz, 10 Misc 2d 101, affd. without opinion 5 A D 2d 839; Matter of Mars, 201 Mise. 329, 332.)
There is no reason why, by similar analogy, this rule should not apply in motions for discovery and inspection. Here the petitioner, Salzberg, is a party and, pursuant to section 324 of the Civil Practice Act, is therefore a person against whom discovery and inspection may be sought. However, the important question is to what extent and as to what items can such discovery and inspection be allowed? Clearly a discovery and inspection, if at all granted, should only be allowed as to those items which the representative of the estate holds in his representative capacity. It does not appear from the papers that Mr. Salzberg possesses or controls the typewriter or the writings sought to be discovered in any other capacity than as an attorney maintaining an office. Although section 324 permits a discovery of items in the possession or under the control of the party, his agent or attorney, such a discovery will not extend to all the personal papers of such agent or attorney but *763 only to those papers or items in the possession of such agent or attorney belonging to the adverse party (Marco v. Sachs, 109 N. Y. S. 2d 224; 5 Carmody-Wait Cyclopedia of New York Practice, 655, 680). Accordingly an inspection of the typewriter (Item No. 3) and the copies of writings (Item No. 4) are denied.
As to the carbon copies of the instrument sought to be probated (Items No. 1 and 2) and presumably in the possession of Mr. Salzberg, it has not been demonstrated by the papers that an examination of Mr. Salzberg or any of the other parties, together with the production of documents under section 296 of the Civil Practice Act, will not be just as effective as the discovery and inspection presently sought (Battaglia v. New York City Tr. Auth., 2 A D 2d 985). The motion for a discovery and inspection is therefore denied without prejudice to renewal after the conclusion of an examination before trial of the petitioners or any of them, if the contestant is so advised.
The motion by the proponents for a bill of particulars generally seeks to obtain items relating to the execution of the will and to the allegation of contestant that several pages of the decedent’s will were removed and others were substituted. It would be the petitioners ’ burden to prove that the instrument offered for probate is the one actually executed by the decedent (Decedent Estate Law, § 21).
In Matter of Allen (282 N. Y. 492, 496) the court said: “ The burden was upon the proponent to establish that the paper offered for probate was the last will and testament of the deceased. It is not enough to conclude that the sentences on the pages admitted to probate as the will embodied the deceased’s testamentary wishes; it must be established that all the writing formed a single instrument which the testatrix subscribed and which she published as her will in the presence of the attesting witnesses. (Matter of Whitney, 153 N. Y. 259; Matter of Dake, 75 App. Div. 403.) The statute, to prevent fraud, prescribes definite formalities, the establishment of which is necessary for probate.”
It is well settled in this jurisdiction that a party may not demand particulars as to those issues where he has the burden of proof (Matter of Weisberg, 286 App. Div. 849; Matter of Britton, 167 Misc. 747; Matter of Mullin, 143 Misc. 256, 260; see, also, 2 Jessup-Redfield, Surrogates Law and Practice, § 1069). Accordingly Items 5 through 10 inclusive are denied.
Items 1 through 4 relate to the respondent’s first objection, which alleges that the instrument offered for probate is not the last will of the decedent. In these items the petitioners seek *764 to establish whether the respondent maintains that the purported will was revoked. If, by this first objection, the respondent contends that there was a revocation, it is her burden to prove .such revocation (Matter of Crouse, 205 App. Div. 135, affd. 238 N. Y. 583; Matter of Boyle, 12 Misc 2d 354; see, also, 2 Warren’s Heaton Surrogates Courts, § 186-E, par. 21). Items 1 through 4 inclusive are therefore granted. The answer to Item 1 should state if the contestant relies upon a revocation or “if his contention is merely that the instrument presently propounded does not conform to the requirements of section 21 of the Decedent Estate Law.” (Matter of Van Riper, 171 Misc. 178, 184.)
Settle orders on five days’ notice.