Joseph A. Cox, S.
In this discovery proceeding the respondent has moved for an order vacating the petitioner’s demand for a hill of particulars or, in the alternative, modifying such demand. The movant contends that the demand is improper because the executor has the burden of proof in respect of matters referred to in the demand and because the demand calls for evidentiary facts.
The petition in this proceeding alleges that the moneys which are the subject of the proceeding were transferred from a savings bank account of the decedent to bank accounts in the name of the respondent. The answer of the savings bank supports this allegation. The individual respondent has interposed an answer asserting a claim of title to the moneys sought to be recovered by the executor but the respondent does not allege how such title was acquired. It would appear upon the present state of the pleadings that the respondent’s claim of title imposes the burden of proof upon her. “ [I] £ the respondent enters an answer which concedes that title to the property was at one time in the decedent, but that such title devolved upon the respondent by gift or otherwise, the burden of proof is on the respondent to establish the gift or other facts which resulted in a transfer of title from the decedent to the respondent (Matter of Van Alstyne, 207 N. Y. 298; Rosseau v. Rouss, 180 N. Y. 116; Matter of Schroeder, 113 App. Div. 204, affd. 186 N. Y. 537) ” (Matter of Rabinowitz, 5 Misc 2d 803, 804).
*771 While there have been many decisions denying particulars to a party upon whom the law of the case imposed the burden of proof, the thinking in this regard has undergone substantial changes with the objective of providing parties to litigation with a complete knowledge of the issues to be tried in order to expedite the trial and serve the ends of justice. ‘‘ As the trial should be an open meeting on the merits, both sides should have a fair opportunity, in advance of trial, to garner evidence. * * * There is so much merit in a disclosure of the facts in advance of trial that it should be allowed whenever legitimately sought ” (Marie Dorros, Inc., v. Dorros Bros., 274 App. Div. 11, 13-14). The cited case concerned the granting of an examination before trial but the rationale of the opinion must be regarded as expressive of a definitive policy, in this Judicial Department, which is not limited to the immediate issue that was before the court in the cited decision. The Second Department has followed the long- prevailing rule as to bills of particulars but a statement of the late Justice Murphy, albeit in a dissent, expresses what this court believes to be the current attitude towards this question. Justice Murphy in Matter of Weisberg (286 App. Div. 849-850) said: “ The office of a bill of particulars is to afford a party all information necessary to enable him to know definitely the claim of his adversary under the latter’s pleading. The courts are liberal in granting such bills. (Elman v. Ziegfeld, 200 App. Div. 494, 497.) The granting of a bill does not depend upon the facts or knowledge of the party seeking the bill. Its purpose is to enable a party to ascertain the facts as claimed by his adversary. (Dwyer v. Slattery, 118 App. Div. 345.) These principles were recognized by Surrogate Wingate in Matter of Herle (157 Misc. 352, 356). His partial denial of a bill three years earlier in Matter of Mullin (143 Misc. 256, 260) on the ground that proponent had the affirmative seems erroneous as of the present time. On the companion subject of examinations before trial, they were once granted ordinarily only for the very reason that it is sought to deny the present application, namely, that the party seeking the examination had the burden of proof. (Oshinsky v. Gumberg, 188 App. Div. 23.) This standard with respect to examinations has been discarded. So, too, should the inconsistent standard as to bills of particulars. The pr'esent policy, as I understand it, is to require all parties, upon application, to state in advance of trial not only their general claims but the facts upon which they rely in support thereof.”
This court believes that, were it necessary on this motion, the bill of particulars should be granted irrespective of the burden *772 of proof and that such a determination would be in accord with the present attitude of the courts regarding a full exposition of the issues involved in a trial.
The contention that the demand calls for an improper disclosure of evidentiary facts is without merit. The items demanded are those necessary to amplify the respondent’s pleading and to prevent surprise at the trial (Matter of Kadar, 3 Misc 2d 471; Matter of Britton, 167 Misc. 747). The motion is denied.