John D. Bennett, S.
The court has before it cross motions •addressed to two items in a demand for a bill of particulars. The demand was made by the proponent of the will requesting the objectant to furnish particulars of his claim that the will was not executed in compliance with the requirements of section 21 of the Decedent Estate Law, and of his claim respecting the alleged unsound mind or memory or the alleged incompetency of the decedent. The proponent has moved to preclude any evidence being offered on these items. The objectant has moved to vacate and set aside the demand for a bill of particulars on these items as matters incumbent upon the proponent to prove at the trial.
There is no question that the burden of proof of due execution and testamentary capacity are upon the proponent. The problem is whether, when the objections plead lack of due execution *303 and testamentary capacity, the proponent is entitled to a bill of particulars on such objections.
In June, 1948, the Appellate Division, First Department, handed down a decision in Marie Dorros, Inc., v. Dorros Bros. (274 App. Div. 11) in an examination before trial, substituting the test of whether the information sought was material and necessary in place of a former criterion of burden of proof. This principle has been applied to bills of particulars, and was reiterated recently by Surrogate Cox of New York County in Matter of Boyhan (27 Misc 2d 770)
This court had the question arise in a motion to vacate a demand for a bill of particulars in the estate of Mollie Weisberg. By decision (unreported) dated February 24, 1955, this court refused to vacate certain items dealing with due execution and testamentary capacity. While the demand was made by the proponent upon the objectant, this court deemed the information sought to be material and necessary.
Appeal was taken from the order made on this decision, and in Matter of Weisberg (286 App. Div. 849 [2d Dept., June, 1955]) such determination was reversed and the entire demand vacated. The reversal was 4 to 1, the dissenting opinion of Mr. Justice Murphy indicating that he thought the burden of proof standard had been discarded.
This court recognized that the decision of the Appellate Division set forth the law in this Judicial Department, and it applied the rule laid down in Matter of Weisberg (supra) in the following cases: Matter of Ludlam (154 N. Y. S. 2d 989 [Aug., 1956]) ; Matter of Veeder (7 Misc 2d 662 [Jan., 1957]) ; Matter of Draisin (11 Misc 2d 281 [Feb., 1958]) ; Matter of Boyle (12 Misc 2d 354 [May, 1958]) and Matter of Buono (14 Misc 2d 760 [Nov., 1958]).
On March 1, 1958, a change was made in the Buies of Civil Practice. Since this change was in the form of an amendment to rule 121-a relating to taking testimony by deposition, its effect on the present problem was not apparent to this court. However, it has been suggested that the addition of “ notice shall state that the examination shall be ‘ with respect to the relevant and material allegations of fact put in issue by the pleadings in the action ’ ” is an adoption of the principles laid down in Marie Dorros, Inc., v. Dorros Bros. (274 App. Div. 11, supra) in the very situation present in the Borros ease, an examination before trial.
Buie 3 of the Buies of Civil Practice made those rules generally applicable to Surrogate’s Courts and to the proceedings therein.
*304 It is then argued that consistency and logic require that since the proponent can require this information from the objectant on examination, he is equally entitled to such information by a bill of particulars.
The fallacy of this argument lies in the contention that the amendment of 1958 brought rule 121-a in line with the Borros decision. Actually when the rule was adopted in 1952, it contained a specific provision for taking testimony of any other party “ regardless of the burden of proof.” (Emphasis supplied.) All the amendment of 1958 accomplished was to substitute “ relevant and material allegations of fact put in issue by the pleadings in the action ” for the specification of the subject matter of the examination.
Since 1952 the principles governing examinations before trial have been those laid down by Marie Dorros, Inc., v. Dorros Bros., (supra), but in the Weisberg decision of 1955 (supra) the Appellate Division, Second Department, refused to apply those principles to a demand for a bill of particulars. Until this is changed by legislation or by decision of a higher court, this court must follow that ruling.
The motion to vacate the demand for a bill of particulars as to items 1 and 2 is granted and the motion to preclude is denied, both without costs or disbursements to either party.
Settle orders in accordance herewith on five days ’ notice, with three additional days if service is made by mail.