Maximilian Moss, S.
The contestant moves for leave to reargue the motion resulting in the order of this court dated January 26, 1961. A modification of said order is sought so as to strike out items numbered “ 1 ” through “ 4 ” of the proponent’s demand for a bill of particulars and that items £< 5 ” through £ £ 10 ” of the said demand be modified so as to conform to rule XXVI of the rules of this court. The said rule of this court does not limit the items upon which particularization may be sought in every case.
In the instant case, the circumstances surrounding the decedent at the time of execution of the propounded instrument appear to be unusual. Moreover, the contestant claims that the *856 examination of the subscribing witnesses is contradictory in nature. Therefore, the proponent is entitled to the items of particularization as demanded to obviate possible surprise at the trial.
The purpose of a bill of particulars is to limit proof and prevent surprise upon the trial (Harmon v. Peats Co., 243 N. Y. 473, 476). The proponent is entitled to know what the contestant will claim the facts are and the burden of proof is not a controlling factor (Matter of Herle, 157 Misc. 352; Matter of Di Napoli, 61 N. Y. S. 2d 662).
In view of the fact that the examinations of the persons who attended the decedent during her last illness have not been completed, the motion for reargument is granted. Upon such reargument, the court determines that the bill of particulars herein directed shall be furnished within 20 days after service of the order to be made herein. If the contestant has no knowledge as to any of the required items, she may so state under oath in lieu of furnishing the same.