Pratsoy B. Hildreth, S.
Proponent’s motion for an order of preclusion is denied without prejudice to a renewal thereof to the extent and after the period hereinafter indicated.
In the opinion of this and other courts, it is the better practice to require the contestant to furnish her bill of particulars after she has had an opportunity to conduct and conclude her examinations before trial. (Matter of Corey, 275 App. Div. 53; Matter of Veeder, 7 Misc 2d 662; Matter of Meyer, 158 Misc. 942.) An order previously made herein upon application of the proponents provides for the issuance of a commission to take the testimony of a witness in Florida, and grants contestant the right to participate in such commission. Such commission has not as yet been executed. Upon the execution of such commission and within 10 days after notice to the contestant that the deposition taken pursuant to such order has been returned to the Clerk of this court, the contestant will be required to furnish particulars with respect to the items set forth in paragraphs numbered “ 6 ” through and including “ 12 ” of proponents Amended Demand for Bill of Particulars dated January 16, 1962. If contestant fails to comply, the court will entertain an application for an order of preclusion as to the subject matter of such items.
It appears to be settled in this jurisdiction that a party may not demand particulars as to those issues on which he has the burden of proof. (Matter of Weisberg, 286 App. Div. 849; Matter of Lenfestey, 28 Misc 2d 302; see, also, Matter of Boyhan, 27 Misc 2d 770.) The contestant consequently will not be compelled to furnish particulars with respect to the items set forth in paragraphs numbered “ 1 ” through and including “ 5 ” of proponents’ said amended demand for bill of particulars.