McKinley L. Phillips, S.
The decedent’s alleged will, which is the subject of this litigation, was probated in this court on December 10, 1965. Thereafter, proceedings were taken to vacate the probate proceedings with the result that on February 7, 1968, an order was granted to that effect. In March, 1968 the contestants served objections to probate on the proponents, which were thereafter filed in the Surrogate’s office on October 18, 1968. The movement of this litigation since the year 1965 has been at a snail’s pace. The proceedings have been numerous and extensive. In particular, the contestants have had, under *381 this court’s direction, access to and examination of decedent’s records both before and after the execution of the will in question. No further delay should be tolerated, except for the most urgent of reasons.
With this in mind, I approach the motions now before me. The proponents have served a demand for a bill of particulars, notice to examine the contestants, and notice of submission of order framing issues. The contestants have moved to (1) delay or postpone the serving of any bill of particulars pursuant to the demand until certain interest account records, which relate to or concern the decedent’s estate and that of his wife, Mary Westwater Reynolds, are produced; (2) delay or postpone and limit the extent of particulars to be furnished until after completion of certain examinations before trial; (3) limit the papers to be produced by contestants upon the examination before trial, and (4) defer settlement of an order fixing the issues for trial, etc., until such later time as shall be set by the Surrogate following the determination of the other matters contained in the motion.
When this motion came on for a hearing, Item (1) was disposed of by the proponents agreeing to co-operate with contestants by authorizing the records in question to be obtained from the bank or banks in which such records were kept. It would appear that since said hearing the contestants have had ample time to obtain and examine said accounts.
For years it was the well-recognized rule in this State that a bill of particulars need only be furnished as to those matters in which the party from whom the particulars were demanded had the burden of proof. Thus, in cases involving the contesting of a will the contestants were not required to furnish a bill of particulars on matters relating to the mental capacity of the decedent, or execution of the instrument.
In June, 1948 the Appellate Division of the First Department handed down a decision in Marie Dorros, Inc. v. Borros Bros. (274 App. Div. 11) in an examination before trial proceeding, substituting the test of whether the information sought was “ material and necessary ” in place of the former criterion of 1 ‘ burden of proof”. This was. the beginning in this State of the ‘ ‘ full disclosure ’ ’ doctrine, and when the CPLR was enacted in 1962, 3101 provided:
“ Scope of disclosure.
“ (a) Generally. There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ”.
*382 In Allen v. Growell-Coilier Pub. Co. (21 N Y 2d 403, 406), Chief Judge Ftjld said: ‘ ‘ The words 1 material and necessary ’, are in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.”
Following the abandonment of the “burden of proof rule ” in disclosure cases, in the Dorros case (supra), the question arose as to whether the same rule should not be followed in cases involving the serving of a bill of particulars.
In an unreported case in Nassau County in 1955, on the basis of the Dorros case, Surrogate Bennett in Matter of Weisberg held in a will contest that the proponent was entitled to a bill of particulars relating to due execution and testamentary capacity. An appeal was taken from the order made on this decision, and in Matter of Weisberg (286 App. Div. 849) the Second Department reversed the Surrogate’s order, and vacated the demand for a bill of particulars. The reversal was four to one, with Mr. Justice Murphy indicating that he thought that the ‘ ‘ burden of proof ’ ’ standard had been discarded.
Thereafter, the Weisberg case has been followed in the Second Department by Surrogates in a number of cases (Matter of Draisin, 11 Misc 2d 281; Matter of Boyle, 12 Misc 2d 354; Matter of Bruno, 14 Misc 2d 760; Matter of Lenfestey, 28 Misc 2d 302).
However, since the Weisberg case, courts outside of the Second Department have held that a contestant in a will contest, regardless of the burden of proof, may be required to furnish particulars regarding claims of mental incapacity, undue influence, and the like.
In Matter of Cummings (31 Misc 2d 855, 856) Surrogate Moiss of Kings County said: “ The purpose of a bill of particulars is to limit proof and prevent surprise upon the trial (Harmon v. Peats Co., 243 N. Y. 473, 476). The proponent is entitled to know what the contestant will claim the facts are and the burden of proof is not a controlling factor (Matter of Herle, 157 Misc. 352; Matter of Di Napoli, 61 N. Y. S. 2d 662).”
A discussion of both the Dorros and Weisberg cases by Surrogate Cox of New York County is to be found in Matter of Boyhan (27 Misc 2d 770, 771-772). The following excerpts are quoted from his opinion.
‘ ‘ While there have been many decisions denying particulars to a party upon whom the law of the case imposed the burden of proof, the thinking in this regard has undergone substantial *383 changes with the objective of providing parties to litigation with a complete knowledge of the issues to be tried in order to expedite the trial and serve the ends of justice. ‘ As the trial should be an open meeting on the merits, both sides should have a fair opportunity, in advance of trial, to garner evidence. * * * There is so much merit in a disclosure of the facts in advance of trial that it should be allowed whenever legitimately sought ’ (Marie Dorros, Inc., v. Dorros Bros. 274 App. Div. 11, 13-14). * * *
“ This court believes that, were it necessary on this motion, the bill of particulars should be granted irrespective of the burden of proof and that such a determination would he in accord with the present attitude of the courts regarding a full exposition of the issues involved in a trial.
“ The contention that the demand calls for an improper disclosure of evidentiary facts is without merit. The items-demanded are those necessary to amplify the respondent’s pleading and to prevent surprise at the trial (Matter of Kadar, 3 Misc 2d 471; Matter of Britton, 167 Misc. 747).”
I find no reported cases outside of the Second Department that have followed the Weisberg case. Since the enactment of the CPLR the tendency of the courts has been most liberal in the granting of bills of particulars. This is in agreement with the “ full disclosure ” rule relating to examinations before trial.
CPLR 3041 provides that a party may be required to give any other party a hill of particulars of his claim. In a will contest the proponent usually will introduce formal proof of the due execution of the will, and then rest his case. The burden of going forward then shifts to the contestants. The real trial starts with the production of proof in support of the objections. These objections are the contestants’ claim and are alleged in only general terms in the pleading. I am of the opinion that the proponent is entitled to a hill of particulars of the facts which contestants intend to offer as proof on the trial to support their objections. These include the issues of testamentary capacity, due execution of the instrument, and any claimed undue influence, fraud, duress, or restraint. If the contestants are relying on a general scheme or plan developed or executed over a period of time as a basis for any of their objections, they should state the facts upon which they will rely at the trial to establish such general scheme or plan.
The argument against disclosure of facts on the grounds that the inquiry is in the nature of ‘ ‘ fishing expedition ’ ’ into contestants’ case no longer has validity so long as the facts *384 demanded axe relevant to the inquiry. Such is the case here. The proponents are entitled to know the facts that contestants will offer as proof upon the trial in support of the general allegations contained in their objections.
I find no reason why the furnishing of the bill of particulars in question should be further delayed, nor do I find reason to limit the demands contained therein. Should the contestants learn of further facts by reason of an examination of the proponents, or otherwise, they should then serve a further bill of particulars at least 20 days before the trial, so as to avoid any claim of surprise thereat. The order to be entered herein may contain a provision to that effect.
Following the Dorros ease (supra) it was held in Matter of Veeder (7 Misc 2d 662) that each party to a will contest may examine the other as to (1) testamentary capacity of the decedent ; (2) the execution of the propounded instrument; (3) fraud and undue influence practiced on decedent; (4) the mental and physical condition of the decedent as bearing upon the issue of fraud and undue influence; (5) the decedent’s financial status at the time of the execution of the propounded instrument, and (6) the personal, business, and financial relations and transactions of the decedent with the proponents and the contestants. The examination should ordinarily be confined, the court stated, to a three-year period prior to the date of the propounded instrument, and two years thereafter. The party to be examined may be required to produce, for use upon the examination, all papers and data pertaining to the matters upon which the examination is granted which are in his possession or under his control.
In Matter of Eschen (17 Misc 2d 281) the court required the production by the contestants of only those records, books, correspondence, etc. in their possession or under their control which they intend to rely upon at the examination. It does not include public records, or records or exhibits equally available to the proponents and contestants.
In accordance with this decision, the contestants’ motion is denied in its entirety.